**In the Matter of: Walter Lee JONES, Debtor.**

**Bankruptcy No. 91–53436.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

June 3, 1993.

John W. Wingate, Jr., Macon, GA, for Walter Lee Jones.

Quintress J. Gilbert, Asst. U.S. Atty., Macon, GA, for U.S. on behalf of I.R.S.

Camille Hope, Macon, GA, Chapter 13 Trustee.

ROBERT F. HERSHNER, Jr., Chief Judge.

### MEMORANDUM OPINION

Walter Lee Jones, Debtor, filed a petition under Chapter 13 of the Bankruptcy Code on September 27, 1991. On December 22, 1992, Camille Hope, the Standing Chapter 13 Trustee, filed objections to proofs of claim filed by the Internal Revenue Ser-

vice. The IRS filed its response to the objections on February 22, 1993. The objections came on for hearing on April 1, 1993. The Court, having considered the evidence presented and the arguments and briefs of counsel, now publishes this memorandum opinion.

The deadline or "bar date" for filing proofs of claim in Debtor's Chapter 13 case was January 27, 1992. The IRS apparently filed its proofs of claim with the Bankruptcy Court for the Northern District of Georgia. Sometime after the bar date had passed, the IRS discovered its error. On November 4, 1992, the IRS filed "amended" proofs of claim with this Court. Trustee objects to these proofs of claim on the grounds that they were not timely filed.[1]

"[Bankruptcy] Rule 9006 is a general rule governing the computation, enlargement, and reduction of periods of time prescribed in other bankruptcy rules." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, —— U.S. ——, ——, 113 S.Ct. 1489, 1491, 123 L.Ed.2d 74 (1993).

Rule 9006(b)(1) and (3) of the Federal Rules of Bankruptcy Procedure[2] provides:

**(b) Enlargement**

**(1) In general**

*Except as provided in paragraphs (2) and (3) of this subdivision,* when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

. . . .

**(3) Enlargement limited**

The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, *only to the extent and under the conditions stated in those rules.*

Fed.R.Bankr.P. 9006(b)(1) and (3) (emphasis added).

Rule 3002(c) of the Federal Rules of Bankruptcy Procedure[3] governs the filing of proofs of claim in Chapter 7 and Chapter 13 cases. That rule provides:

**(c) Time for filing**

In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:

(1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed

---

**1.** The proofs of claim filed by the IRS are Claim Numbers 6 and 7 in this bankruptcy case.

**2.** Fed.R.Bankr.P. 9006(b)(1) and (3).

**3.** Fed.R.Bankr.P. 3002(c).

within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

(6) In a chapter 7 liquidation case, if a surplus remains after all claims allowed have been paid in full, the court may grant an extension of time for the filing of claims against the surplus not filed within the time herein above prescribed.

Fed.R.Bankr.P. 3002(c).

In *Zidell, Inc. v. Forsch (In re Costal Alaska Lines, Inc.)*,[4] the Ninth Circuit Court of Appeals stated:

> Rule 9006(b) plainly allows an extension of the 90–day time limit established by Rule 3002(c) only under the conditions permitted by Rule 3002(c). Rule 3002(c) identifies six circumstances where a late filing is allowed, and excusable neglect is not among them. Thus, the 90–day deadline for filing claims under Rule 3002(c) cannot be extended for excusable neglect. *See In re Pigott*, 684 F.2d 239, 242–43, n. 2 (3d Cir.1982) (discussing old Bankruptcy Rules 906 and 302, which are similar to new Rules 9006 and 3002, and finding that Rule 906 on enlarging time explicitly excludes Rule 302(e) from discretionary enlargement except as expressly provided by Rule 302 itself).

> [The creditor] acknowledges that the time limit of Rule 3002(c) is not subject to enlargement based on the excusable neglect provision of Rule 9006(b). However, [the creditor] argues that the bankruptcy court has discretion independent of Rule 9006(b) to enlarge the time under its general equity power. This argument is inconsistent with the express limita-

tions imposed by Rule 9006(b)(3) on the bankruptcy court's discretion to extend time.

920 F.2d at 1432.

The Court is persuaded that it cannot allow an untimely proof of claim in a Chapter 13 case unless one of the six exceptions in Rule 3002(c) is met. The IRS does not contend that any of the six exceptions has been met.

The IRS relies upon the recent United States Supreme Court decision of *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*.[5] In that case, a creditor filed an untimely proof of claim in a Chapter 11 case. In arguing that its proof of claim should be allowed, the creditor was not limited to the six exceptions listed in Rule 3002(c). In *Pioneer*, the Supreme Court stated:

> The "excusable neglect" standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases.

—— U.S. at ——, 113 S.Ct. at 1495.

The bar date for filing proofs of claim in a Chapter 13 case is governed by the same rule that applies in a Chapter 7 case. The time for filing proofs of claim in a Chapter 7 or Chapter 13 case can be extended only for the six reasons set forth in Rule 3002(c). The Court, under the excusable neglect standard, can allow untimely proofs of claim in a Chapter 11 case but not in a Chapter 13 case. The Court is persuaded that the IRS's untimely proofs of claim cannot be allowed.

An order in accordance with this memorandum opinion will be entered this date.

---

4. 920 F.2d 1428 (9th Cir.1990).

5. —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).