### In re THOMAS, Greg Scott, Sr., Thomas, Phyllis Diane, Debtors.

### Bankruptcy No. 94–50356.

United States Bankruptcy Court,
S.D. Georgia,
Waycross Division.

May 16, 1995.

---

Jeffrey D. Garmon, Waycross, GA, for debtors.

Ronald B. Thomas, Waycross, GA, for Mr. Amos Odom.

Sylvia Ford Brown, Chapter 13 Trustee, Savannah, Ga.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Motion To Allow Late Filed Claim by Mr. Amos Odom. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(B). For the following reasons, the Court will deny Mr. Odom's motion. These findings of fact and conclusions of law are entered in compliance with Fed.R.Bankr.P. 7052.

### FINDINGS OF FACT

The facts of this case are not in dispute. Mr. Odom holds an unsecured pre-petition claim against Greg and Phyllis Thomas in the amount of Two Thousand Six Hundred Seventy–Five Dollars ($2,675.00) based on the sale of a 1981 Ford Ranger.

The claims bar date in this case was Wednesday, November 23, 1994. Mr. Odom alleges that he filled out his proof of claim and mailed it on the preceding Friday, November 18, 1994. However, the Court did not receive his proof of claim until Monday, November 28, 1994, ten days later and five days after the bar date. At issue is the authority of the Court to allow late proofs of claim in a Chapter 13 case.

### CONCLUSIONS OF LAW

Mr. Odom urges this Court to allow his admittedly late proof of claim based on excusable neglect. He states that the Court should consider the Supreme Court's decision in *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership et al.,* — U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In *Pioneer,* the Supreme Court set forth the conditions under which a late filed proof of claim may be allowed in a Chapter 11 case due to excusable neglect. *Pioneer* is not directly applicable to this Chapter 13 case before the Court. Nevertheless, Mr. Odom urges the Court to incorporate this rationale into the context of a case under Chapter 13.

The excusable neglect standard finds its basis in Bankruptcy Rule 9006(b). As this Court has previously stated:

[A] creditor's excusable neglect is only relevant if the Bankruptcy Rules give the Court discretion to consider excusable neglect. While the court in *South Atlantic* [1] was able to address the issue in terms of excusable neglect, such a standard is re-

1. *Biscayne 21 Condominium Assoc., Inc. v. South Atlantic Financial Corp. (In re South Atlantic* *Financial Corp.),* 767 F.2d 814, 817 (11th Cir. 1985).

served for the consideration of claims in Chapter 11 cases. In a case filed under Chapter 13, proofs of claim are filed pursuant to Rule 3002(c). In such a case, Rule 9006(b)(3) limits the discretion of the Court to allow a late proof of claim to those conditions contained in Rule 3002(c). Rule 3002(c) provides:

(c) Time for Filing.

In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to 341(a) of the Code, except as follows:

(1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

(6) In a chapter 7 liquidation case, if a surplus remains after all claims allowed have been paid in full, the court may grant an extension of time for the filing of claims against the surplus not filed within the time hereinabove prescribed.

Bankruptcy Rule 3002(c) (West 1994).

The six enumerated exceptions contained in Bankruptcy Rule 3002(c) are the exclusive means available to a creditor with notice of the bankruptcy proceedings to file a late proof of claim. *Matter of Jones*, 154 B.R. 816 (Bankr.M.D.Ga.1993) (the excusable neglect standard only applies to cases under Chapter 11 of the Bankruptcy Code).

*In re Hamilton*, 179 B.R. 749, 755 (Bankr. S.D.Ga.1995).

 Notwithstanding the liberal construction courts are bound to give the Bankruptcy Rules, *In re Gray*, 156 B.R. 707 (Bankr.D.Me.1993), courts addressing the issue of late claims in Chapter 13 cases are in general agreement that a creditor's excusable neglect is not a legitimate judicial inquiry. *Jones v. Arross*, 9 F.3d 79 (10th Cir. 1993); *Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.)*, 920 F.2d 1428 (9th Cir. 1990) ("[T]he 90–day deadline for filing claims under rule 3002(C) cannot be extended for excusable neglect."). Indeed, the Supreme Court suggested as much in *Pioneer* when it stated "Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the 'excusable neglect' standard. One of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in chapter 7 cases. Such filings are governed exclusively by Rule 3002(c)." *Pioneer*, ── U.S. at ── n. 4, 113 S.Ct. at 1495 n. 4, 123 L.Ed.2d at 85 n. 4. The fact that under Rule 9006(b)(3) Chapter 13 proofs of claim are filed pursuant to Rule 3002(c) means that late proofs of claim in Chapter 13 are also "exclusively" governed

by Rule 3002(c).[2]

 Although prior to the Bankruptcy Reform Act of 1994 there was some dispute as to whether the late filing of a claim was grounds for disallowance,[3] the Reform Act has since clarified that claims may be disallowed on those grounds. 11 U.S.C. § 502(b)(9). While the case before the Court was filed prior to the effective date of the Reform Act, this Court is in agreement with the finding that "the result dictated by section 502(b)(9) was the proper result in a Chapter 13 case prior to the provision's enactment." *In re Fullwood,* No. 94–40005, slip op. at 3–4 (Bankr.S.D.Ga. April 17, 1995) (citing *In re Chavis,* 47 F.3d 818, 824 (6th Cir.1995)).

According to the undisputed facts of this case Mr. Odom's late claim falls squarely within the realm of unsecured claims which must be disallowed. Mr. Odom has not pled or proven any facts which would give this Court reason to believe that he falls within one of the exceptions to the claims bar date provided by Rule 3002(c). Neither has Mr. Odom pled or proven any facts which would lead the Court to find that his Fifth Amendment rights were violated or that he had previously filed an informal proof of claim. *See infra* at n. 2. Therefore, Mr. Odom's Motion To Allow Late Filed Claim must be denied.

---

**2.** Although the Rules are specific as to the conditions in which a late filed proof of claim may be allowed, the Court may nevertheless consider allowing a late proof of claim where the creditor's Due Process rights under the Fifth Amendment to the States Constitution are implicated. *See In re Dartmoor Homes, Inc.,* 175 B.R. 659 (Bankr.N.D.Ill.1994); *In re Somar Concrete, Inc.,* 102 B.R. 44, 46 (Bankr.D.Md.1989) ("[A]n excusable neglect inquiry is inapplicable to Chapter 7 and 13 cases. Nonetheless, demands for due process must be met in any case under Title 11.").

The Court may also allow an apparently late proof of claim where the claim is not deemed late by virtue of the creditor's having previously filed an informal proof of claim. *Charter Co. v. Dioxin Claimants,* 876 F.2d 861 (11th Cir.1989); *Biscayne 21 Condominium Assoc., Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.),* 767 F.2d 814 (11th Cir.1985).

**3.** *Compare In re Hausladen,* 146 B.R. 557 (Bankr. D.Minn.1992) (en banc) and *In re Zimmerman,* 156 B.R. 192 (Bankr.W.D.Mich.1993) (en banc).