UNITED STATES of America INTERNAL REVENUE SERVICE, Defendant–Appellant,

v.

**Michael A. LEE, and Teresa M. Lee, Plaintiffs–Appellees.**

Civ. A. No. 95–0003–C.

United States District Court, W.D. Virginia, Charlottesville Division.

June 15, 1995.

Robert P. Crouch, Jr., U.S. Atty., Roanoke, VA, Charles H. Keen, U.S. Dept. of Justice, Tax Div., Washington, DC, John F. Corcoran, U.S. Attorney's Office, Roanoke, VA, for defendant-appellant.

Douglas Edward Little, Robert M. Musselman & Associates, Charlottesville, VA, for plaintiffs-appellees.

### MEMORANDUM OPINION

MICHAEL, District Judge.

The government seeks review of a decision and order of the Bankruptcy Court ruling that a debt owed by the Appellees to the IRS, pursuant to 26 U.S.C. § 6672, was discharged upon completion of the Appellees' bankruptcy plan in May, 1993. The court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1334. For the reasons stated

herein, the decision of the Bankruptcy Court is affirmed.

## I.

In 1987, the debtors, Mr. and Mrs. Lee, owned, managed and were employed by K.L. Christie's, a restaurant in Charlottesville, Virginia. On December 8, 1988, the Lees filed a joint chapter 13 bankruptcy petition. The petition stated that Mr. Lee owned all of the stock of JMC Investments, Inc. which in turn operated the restaurant. The IRS was listed as a secured creditor in the amount of $7,293.99. This figure represented outstanding income taxes owed by the debtors. The schedules did not list any liability owed to the IRS pursuant to section 6672, the debt at issue in this case.[1]

The Lees gave the IRS notice[2] that the deadline for creditors to file claims was April 6, 1988. The IRS filed a timely proof of claim for the unpaid federal income taxes. The IRS subsequently objected to the bankruptcy plan and the Lees amended it to accommodate the IRS' concerns. The amended plan was confirmed on February 8, 1988.

After the debtors' amended plan was confirmed, and after the bar date for filing claims had passed, the IRS determined that the debtors, as responsible officers of JMC Investments, were liable under 28 U.S.C. § 6672 for civil penalties totaling $23,594.75. This liability stemmed from the corporation's failure to collect, account for, and pay over to the IRS income and Federal Insurance Contribution Act (FICA) taxes withheld from the wages of its employees over several fiscal quarters between 1984 and 1986.

The IRS requested that the Lees amend their bankruptcy plan to account for the section 6672 debt. The debtors declined to do so. The Lees completed the payments required under the confirmed amended plan and received their chapter 13 discharge on May 3, 1993. On February 24, 1994, the IRS began collection proceedings against Mr. Lee for the section 6672 debt. The Lees, in response, filed a complaint in the bankruptcy court against the IRS seeking a determination that the section 6672 debt was discharged on May 3, 1993.

## II.

The IRS argued before the Bankruptcy Court that the section 6672 debt was not dischargeable because it was a priority debt,[3] and as such, could only be discharged if provided for in full in the debtors' chapter 13 plan.[4] The Bankruptcy Judge rejected the government's argument, holding that the Lees could not "provide for" the section 6672 debt in their chapter 13 plan without having received a corresponding proof of claim from the IRS. Since the IRS had adequate and timely notice of the bankruptcy proceedings, yet failed to file a section 6672 claim before the Lees filed their chapter 13 petition, the section 6672 claim was untimely filed and discharged upon completion of the chapter 13 plan. The court reached this conclusion by characterizing the section 6672 debt as a "prepetition" debt on the grounds that it became payable when the taxes were withheld and not remitted. Since the taxes were

1. 26 U.S.C. § 6672 provides as follows:

   Any person required to collect, truthfully account for, and pay over any tax imposed by [the Internal Revenue Code] who willfully fails to collect such tax, or truthfully account for and pay over such tax ... [shall] be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

2. The notice of the meeting of creditors was mailed to the IRS at "Chief, Special Procedures Staff, P.O. Box 10025, Richmond, VA 23240." Debtors' counsel also provided written notice to the local IRS office in Charlottesville, Virginia soon after the case was filed. It is worth noting that the Lees had no obligation to alert the IRS to a potential section 6672 liability. *In re Miller*, 90 B.R. 317 (Bankr.E.D.Tenn.1988), *aff'd* 118 B.R. 76 (E.D.Tenn.1988).

3. 11 U.S.C. § 507(a)(7)(C) gives priority status to "allowed unsecured claims of governmental units, only to the extent that such claims are for ... (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity."

4. 11 U.S.C. § 1322(a)(2) states that a chapter 13 plan shall "provide for the payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim."

supposed to have been withheld and remitted well before the Lees filed their bankruptcy petition, the Bankruptcy Judge ruled that the section 6672 debt was a prepetition debt. As such, the IRS was required to make a timely proof of claim or risk having the claim discharged.

■ On appeal, the government challenges the Bankruptcy Court's holding that the section 6672 debt was a prepetition debt subject to the filing time restrictions. The government contends that the section 6672 debt is in fact a postpetition debt and is, therefore, allowable under 11 U.S.C. § 1305 despite the fact that the claim was made after the Lees filed their bankruptcy petition. No facts are in dispute. Thus, the standard of review is de novo. *In re Johnson,* 960 F.2d 396, 399 (4th Cir.1992).

### III.

### A.

■ The issue on appeal is whether the section 6672 debt is a prepetition debt, subject to discharge as untimely filed, or a postpetition debt, allowable under section 1305. A brief discussion of the terminology may prove helpful at the outset. As one might guess, "prepetition" debts are debts that become payable before the debtor files a bankruptcy petition. Creditors who have claims against the debtor for prepetition debts must file a timely claim in order to have that claim included in the distribution plan. *See* Bankr. Rule 3002, 11 U.S.C.[5] In general, if a claim is not timely filed, the prepetition debt is discharged upon completion of the payments under the plan. *See* 11 U.S.C. § 1328(a).[6] "Postpetition" debts, in contrast, are debts that become payable after the debtor files a

bankruptcy petition with the court. Section 1305 of the Bankruptcy Code allows such postpetition debts to be considered in the distribution phase, despite the fact that those claims might otherwise be discharged as untimely given that the claims are made after the petition has been filed. Section 1305 provides as follows:

**Filing and allowance of postpetition claims.** (a) A proof of claim may be filed by any entity that holds a claim against the debtor—(1) for taxes that *become payable* to a governmental unit while the case is pending. (b) ... a claim filed under subsection (a) of this section shall be ... allowed ... or disallowed ... the same as if such claim had arisen before the date of the filing of the petition.

11 U.S.C. § 1305 (emphasis added).

The government argues that its section 6672 claim is for a postpetition debt, allowable under section 1305, because the debt could not "become payable" to the IRS until the IRS learned of it. Since the IRS did not learn of the debt until after the petition had been filed and the bankruptcy case was "pending," the claim must be characterized as a postpetition claim. Thus, the government takes exception to the Bankruptcy Judge's holding that section 6672 liabilities become debts at the time the taxes are withheld and not remitted to the IRS, thereby making the government's section 6672 claim in this case one for "prepetition" debts subject to the time bar.

### B.

■ The most recent, relevant case law supports the Bankruptcy Judge's holding that section 6672 liabilities become debts

---

**5.** Rule 3002 provides:

(a) **Necessity for Filing.** An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005.

    \*    \*    \*    \*    \*    \*

(c) **Time for filing.** In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of credi-

tors called pursuant to § 341(a) of the Code [subject to certain exceptions not relevant here].

**6.** This provision states that except for certain debts not at issue here "As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title."

when withheld and not remitted to the IRS. For example, in *In re Friesenhahn,* 169 B.R. 615 (Bkrtcy.W.D.Tex.1994), *vacated as settled,* No. SA–94–CA–0756 (W.D.Tex. Oct. 21, 1994) (Order), the court rejected the same argument made by the government in the context of a motion by the IRS to amend its original claim to reflect a section 6672 liability. The government argued that its 6672 claim was for a postpetition debt because the IRS did not complete its investigation of the debt until after the court had entered an agreed order regarding the government's claim against the debtor. The *Friesenhahn* court held that the government's claim could not be amended because the section 6672 debt was a prepetition debt. The court's insightful discussion of the point is quoted at length:

> The focus of section 1305(a)(1) is *taxes that become payable to a governmental unit while the case is pending.* The liability imposed under section 6672 is not a true "tax." Indeed, the very chapter of the IRC that includes section 6672 is entitled "Additions to the Tax, Additional Amounts and Assessable Penalties." Section 6672 further refers to the liability assessed thereunder as a penalty. However, it is not a penalty in a penal sense. As explained by one court, it is "simply a means of ensuring the [withholding] tax is paid." *United States v. Huckabee Auto Co.* 783 F.2d 1546, 1548 (11th Cir.1986). Liability under section 6672 is derivative always of the employer's delinquent withholding taxes. Thus, while the *claim against the debtors* asserted by the IRS arises under section 6672, the *tax* from which the claim is derived does not. We must therefore focus not on when the *claim* became payable but when the *tax* from which that claim is derived became payable.... The withholding taxes that allegedly were not remitted to the government in the instant case relate exclusively to periods for which tax returns were due prepetition. The *tax* which the IRS seeks to recover therefore *became payable* prepetition, when [the debtor's] quarterly payroll tax returns were due to be filed. The IRS's claim under section 6672 did not *become payable* within the meaning of section 1305(a)(1).

169 B.R. at 624–626 (emphasis in original) (footnotes omitted).

The court's argument concerning the significance of the distinction between the "tax" and the "claim" under section 6672 has force and is adopted by this court.

## C.

The government maintains that sound public policy dictates holding that section 6672 liabilities become debts when the IRS learns of them. Specifically, it contends that if the reasoning of the Bankruptcy Judge is adopted, the IRS, in the future, will be forced to file protective proofs of claim before its investigations are completed in order to secure any potential liabilities. Such a course is unfair, the government argues, because it forces the agency to file claims for which it does not have a clear basis. Moreover, it is unfair to debtors because it forces them to either provide full payment for a claim that may not be justified or to litigate the protective proof of claim in the bankruptcy court rather than in the agency, thereby increasing legal expenses.

Although the court is sympathetic to such policy arguments, the court is unable to adopt their reasoning here. After all, the IRS routinely files estimated claims in bankruptcy cases. It is not an unusual action and serves in some cases to force a debtor to file delinquent returns so that liability can be established. In addition, it is not unfair to expect the IRS to complete its determination of the responsible parties within the time frame provided by the bankruptcy court. As stated by one court, "This is exactly the kind of situation in which the deadline for filing a proof of claim is supposed to spur the IRS to speed up its processes or obtain an extension of time to file a proof of claim. The IRS's need to investigate the prepetition facts before it decides to assess a tax or a penalty does not convert a contingent, disputed, or unliquidated claim for prepetition taxes into a claim for postpetition taxes." *In re Workman,* 108 B.R. 826, 830 (Bkrtcy.M.D.Ga. 1989). Moreover,

> A contrary conclusion would open the door to the IRS to manipulate with impunity

when a tax becomes payable for bankruptcy purposes. The IRS could engage in its own prebankruptcy planning by delaying responsible person assessment against a taxpayer who was in a high risk group in which bankruptcy filing was likely. The IRS freely could convert a prepetition claim into a postpetition claim. And where would that leave the supplier who, suspecting a bankruptcy filing, delays invoicing prepetition shipments to the debtor until after the bankruptcy filing. Does the supplier have a post petition claim? Of course not. In the absence of an express statutory mandate to the contrary, the court can discern no reason the government should escape that same fate.

*In re Friesenhahn,* 169 B.R. 615, 626 n. 21 (Bkrtcy.W.D.Tex.1994).

### D.

Finally, the IRS argues that even if tax liabilities do generally become debts when owed and not paid, a different rule should inure in the context of responsible officer liability under section 6672. The IRS cites *Datlof v. United States,* 370 F.2d 655 (3rd Cir.1966), *cert. denied,* 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 624 (1967), for the proposition that responsible officer liability under section 6672 for failure to withhold and remit employee taxes is distinct from the general tax liability of the corporation for the same conduct under section 3403 of the Code.[7] Thus, the IRS can pursue a tax-withholding claim either against the corporation itself or against a responsible official of the corporation.

▆▆▆ The court has difficulty understanding the importance of this distinction for the current analysis. Indeed, the fact that the IRS can go after either the corporation itself or a responsible official suggests, if anything, that they are viewed as the same by Congress, at least from an enforcement perspective. Section 6672 is simply a mechanism for enforcing a company's tax liabilities. *See, e.g., In re Vermont Fiberglass,* 88 B.R. 41, 43 (D.Vt.1988) ("If the employer fails to collect

and pay over taxes [owed pursuant to section 3403] to the IRS, section 6672 of title 26 provides the government with a vehicle to ensure payment of the taxes"); *United States v. Boaten,* 1994 WL 608608, *1–3, 1994 U.S.Dist. LEXIS 15955, *7 (D.Kan. October 17, 1994) ("In order to effectuate [section 3403], Congress enacted a separate penalty [, section 6672,] assessable against the corporate employees ...").

Thus, if the unpaid tax becomes a debt of the corporation at the time the taxes are withheld and not remitted, it is hard to imagine why the same taxes would not become debts of the responsible official at that time as well. The government provides no insight. In fact, in *In re Friesenhahn,* 169 B.R. 615, 625 n. 18 (Bkrtcy.W.D.Tex.1994), the IRS "acknowledge[d] that responsible officer liability accrues (or is due) upon the employer's failure to remit the withholdings to the IRS." It is unclear why the IRS takes a different position in this case. The court finds it more persuasive to argue that a "company's liability for withholding taxes arises at the moment the taxes are withheld from employee salaries; a contingent liability is immediately created for the amount withheld. The person responsible for paying the company's withholding taxes is also contingently liable from that moment." *United States v. Edwards,* 572 F.Supp. 1527, 1534 (D.Conn.1983) (internal citations omitted).

### IV.

The court finds that section 6672 liabilities become debts when the taxes are withheld and not remitted to the IRS. This reasoning holds whether the IRS pursues the claim against the company itself or against the responsible officer of the company. Thus, the court affirms the Bankruptcy Judge's finding that the section 6672 debt in this case was a prepetition debt and was discharged as untimely filed on May 3, 1993 when the debtors completed the payments under the

---

7. 26 U.S.C. § 3403 provides:

**Liability for tax.** The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.

plan. An appropriate Order shall this day issue.