**In re Robert HELTON, Patricia Helton, Debtors.**

**Bankruptcy No. 94–20507.**

United States Bankruptcy Court, E.D. Kentucky, Covington Division.

June 19, 1995.

Sidney N. White, Chapter 13 Trustee, Lexington, KY.

Randy T. Slovin, Cincinnati, OH, for Deutz–Allis Corp.

### MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the Objection by the Chapter 13 Trustee to the claim of Deutz–Allis Corporation ("Deutz–Allis"), a creditor herein. The Trustee filed his Objection to Claim on March 1, 1995; Deutz–Allis filed its Response on March 15, 1995. The matter was heard on May 2, 1995, and taken under advisement.

The record in this case reveals that the debtors filed their Chapter 13 petition in this Court on May 13, 1994. Deutz–Allis was included on the debtors' master list of creditors and, the record indicates, notice of the filing of the debtors' petition was sent to that creditor on May 20, 1994, at the address of what appears to the Court to be its then counsel. The first meeting of creditors was

set for June 28, 1994. As the notice clearly states, creditors had 90 days after the date set for the first meeting to file claims pursuant to FRBP 3002(c). Deutz–Allis did not file a claim until September 29, 1994, 93 days after the first meeting.

 The Trustee filed his Objection herein based on Deutz–Allis's late filing of its claim. Deutz–Allis claims in its Response that it got "absolutely no notice of the bankruptcy filing" until it appeared in a matter pending between debtor Robert Helton and Deutz–Allis in Boone Circuit Court on September 20, 1994. As the record shows, this is not the case since the original notice to the previous attorney is adequate notice. The common law has long recognized a presumption of receipt of an article properly mailed which may be rebutted by testimony of non-receipt. *In re Yoder,* 758 F.2d 1114 (6th Cir.1985). No offer of such testimony has been made in this case.

Compounding the problem for the claimant herein is the fact that it acknowledges its awareness of the existence of the bankruptcy proceeding some six days before the filing deadline passed.

 Even if Deutz–Allis had never received notice of the bankruptcy filing, however, its claim would be barred. This Court has previously ruled in *In re Crooker,* 159 B.R. 790 (Bkrtcy.E.D.Ky.1993), that the late-filed claim of a creditor who never received notice must be rejected. Agreeing with the decision in *In re Zimmerman,* 156 B.R. 192 (Bkrtcy.W.D.Mich.1993), the Court ruled that Federal Rule of Bankruptcy Procedure 3002(c) imposes a bar date against late claims. The question of discharge of such claims, however, is another matter not involved here.

In consideration of all of the the foregoing, it is therefore the opinion of this Court that the Trustee's Objection to the claim of Deutz–Allis Corporation should be sustained. An order in conformity with this opinion will be entered separately.