**In re Grace ABOODY, Debtor.**

**Grace ABOODY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

BAP No. MW 97–061.

United States Bankruptcy Appellate
Panel of the First Circuit.

April 17, 1998.

Stephan M. Rodolakis, Peters Massad & Rodolakis, Worcester, MA, for Grace Aboody.

Christina Robinson Davis, U.S. Small Business Administration, Boston, MA, for U.S. Small Business Administration.

Denise M. Pappalardo, Chapter 13 Trustee, Worcester, MA.

Before VOTOLATO, LAMOUTTE and CARLO, U.S. Bankruptcy Judges.

PER CURIAM.

The debtor, Grace Aboody, appeals from an order of the United States Bankruptcy Court for the District of Massachusetts, granting a motion by the United States of America, on behalf of its agency, Small Business Administration (hereinafter "SBA"), to file a late proof of claim. The facts are not disputed.

*I. Background*

The debtor filed a petition under Chapter 13 of the Bankruptcy Code on November 13, 1996. The debtor scheduled SBA in Schedule F, as an unsecured creditor in the amount of $68,417.70. The Clerk of the Court, by notice dated December 24, 1996, established May 12, 1997, as the deadline for the filing of proofs of claim by governmental units. SBA did not file a timely proof of claim. On June 11, 1997, SBA filed a motion to file a late proof of claim. The debtor

opposed the motion. After a hearing held on August 4, 1997, the bankruptcy court granted SBA's motion, concluding that SBA's failure to file a timely proof of claim was based on excusable neglect. The debtor filed a timely notice of appeal on August 14, 1997.

## II. Standard of Review

■ Whether the "excusable neglect" standard is applicable in Chapter 13 cases is a question of law. *In re Smartt Const. Co.*, 138 B.R. 269, 271 (D.Colo.1992). Legal conclusions by the bankruptcy court are subject to de novo review. *In re Popa*, 214 B.R. 416, 418 (1st Cir. BAP 1997). Moreover, "[d]ecisions concerning interpretations of the federal rules of bankruptcy procedure are reviewed de novo." *In re William Cargile Contractor, Inc.*, 209 B.R. 435, 436 (6th Cir. BAP 1997).

## II. Discussion

The Bankruptcy Reform Act of 1994 amended 11 U.S.C. § 502 to provide that a proof of claim is not timely filed unless it is permitted under specified conditions in Chapter 7 or under the Federal Rules of Bankruptcy Procedure. 11 U.S.C. § 502(b)(9). This section also provides that "a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." *Id.*

Thus, under 11 U.S.C. § 502, the Federal Rules of Bankruptcy Procedure govern the filing of a proof of claim. Rule 3002 provides:

(a) Necessity for Filing. An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005.
***
(c) Time for Filing. In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:

(1) A proof of claim filed by a governmental unit is timely filed if it is filed not later than 180 days after the date of the order for relief. On motion of a governmental unit before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the governmental unit.

Fed.R.Bankr.P. 3002. Although there are four other exceptions to the 90 day time limit of Fed.R.Bankr.P. 3002(c), none are applicable here. Accordingly, pursuant to Fed. R.Bankr.P. 3002, SBA, as a governmental unit had 180 days to file a proof of claim or seek an extension of time for the filing of the claim.

Federal Rule of Bankruptcy Procedure 9006 governs requests for extensions of time. Rule 9006 provides:

(b) Enlargement

(1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
***
(3) Enlargement Limited. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c) [governing the time for filing proofs of claim and requests for extension], 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

Fed.R.Bankr.P. 9006(b). This Rule governs the Court's discretion to extend the time for a party to act. Although the Court can generally permit actions based on excusable neglect under Fed.R.Bankr.P. 9006(b)(1), pursuant to Fed.R.Bankr.P. 9006(b)(3), the

court's discretion to enlarge the time to file a proof of claim in a Chapter 13 is limited to the conditions in Rule 3002.

The Bankruptcy Court relied on the Supreme Court's decision in *Pioneer Investment Services Company v. Brunswick Associates,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), to conclude that the "excusable neglect" standard applies in a Chapter 13 case. *Pioneer,* however, was a Chapter 11 case, wherein the Court explained that the standard did not apply to cases under Chapter 7.

> The time-computation and time-extension provisions of Rule 9006, like those of Federal Rule of Civil Procedure 6, are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted. Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the "excusable neglect" standard. One of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases. Such filings are governed exclusively by Rule 3002(c). See Rule 9006(b)(3); *In re Coastal Alaska Lines, Inc.,* 920 F.2d 1428, 1432 (C.A.9 1990). By contrast, Rule 9006(b)(1) does not make a similar exception for Rule 3003(c), which, as noted earlier, establishes the time requirements for proofs of claim in Chapter 11 cases. Consequently, Rule 9006(b)(1) must be construed to govern the permissibility of late filings in Chapter 11 bankruptcies. See Advisory Committee's Note accompanying Rule 9006(b)(1).

*Pioneer,* 113 S.Ct. at 1495 n. 4. Chapter 7 and Chapter 13 are both governed by Rule 3002(c). Thus, if the excusable neglect standard is inapplicable to the filing of a proof of claim in a case under Chapter 7, the standard should logically be inapplicable to the filing of a proof of claim in Chapter 13.

The First Circuit Court of Appeals has not expressly decided the issue. However, little more than one month after *Pioneer* was decided, the First Circuit issued a decision in *Juniper Dev. Group v. Kahn (In re Hemingway Transp., Inc.),* 993 F.2d 915 (1st Cir.), *cert. denied,* 510 U.S. 914, 114 S.Ct. 303, 126 L.Ed.2d 251 (1993), which was a case under Chapter 7. Interpreting Federal Rule of Bankruptcy Procedure 9006(b), the Court stated that "Rule 9006(b) plainly precludes resort to Rule 9006(b)(1) to extend a time period prescribed in Rule 3002(c) except 'to the extent and under the conditions stated in [Rule 3002(c) ].'" *Id.* at 926 n. 10. The Court also stated that the failure of the governmental unit in that case to satisfy the conditions for extension of time prescribed in Rule 3002(c), precluded the agency from asserting a timely proof of claim against the estate. *Id.* Since both Chapter 7 and Chapter 13 are governed by Fed.R.Bankr.P. 3002(c), the Court's reasoning in *Hemingway* should be extended to the present Chapter 13 case to preclude SBA from asserting a claim in this bankruptcy case.

In another more recent case, *Mercado–Boneta v. Administracion del Fondo de Compensacion Al Paciente through the Ins. Com'r of Puerto Rico,* 125 F.3d 9 (1st Cir. 1997), which did not arise in the bankruptcy context, the First Circuit Court of Appeals discussed the bankruptcy claims process. The Court stated:

> What the legislature has done in this case is not unlike the situation in bankruptcy wherein creditors must file their claims against a debtor's estate within a relatively short time period in order to have their claims recognized. See Rule of Bankr. Proc. 3002(c) (in chapter 7 liquidation proof of claims shall be filed within 90 days of creditors' meeting). The time limitations for filing claims against a bankrupt have been held to create an absolute bar against asserting the claim, rather than merely an issue of priority. See, e.g., *Robinson v. Mann,* 339 F.2d 547, 549 (5th Cir.1964) (time limitations for filing claims against debtor's estate "operate as an absolute bar against creditors who seek to present their claims beyond the [bar date]."); *Norris Grain Co. v. United States,* 81 B.R. 103, 106 (Bkrtcy.M.D.Fl.1987) (claims bar date is 'in the nature of a statute of limitations [which] must be strictly observed.') (quoting *In re Kay Homes Inc.,* 57 B.R. 967, 971 (Bkrtcy.S.D.Tex.1986) (alterations in original)). The purpose behind the claims bar

date in bankruptcy, as in the case before us, is "to provide the debtor and its creditors with finality" and to "insure the swift distribution" of the liquidated estate. *In re Schaffer*, 173 B.R. 393, 398 (Bkrtcy. N.D.Ill.1994) (quoting *In re Zimmerman*, 156 B.R. 192, 199 (Bkrtcy.W.D.Mich.1993)). See also *In re Kolstad*, 928 F.2d 171, 173 (5th Cir.1991) ("The deadlines have a purpose: they enable a debtor and his creditors to know, reasonably promptly, what parties are making claims against the estate and in what general amounts."). "[A]lthough aware that a bar date, like other limitation periods, would inevitably cause hardship on those who failed to act timely, Congress decided that the goal of finality is of greater benefit to the public than any benefit derived from allowing individual exceptions to the bar date." *Norris Grain Co.*, 81 B.R. at 106 (citing *Hoos & Co. v. Dynamics Corporation of America*, 570 F.2d 433, 439 (2d Cir.1978)); see also *Hoos & Co.*, 570 F.2d at 439 (noting that permitting bankruptcy court to consider allowing late claims in individual cases would "put the bankruptcy courts in the unenviable position of indefinitely having to consider claims" and that such a scenario "would destroy the objective of finality which Congress obviously intended to promote.").

*Id.* at 17. Thus, although the First Circuit did not have the issue of bankruptcy claims allowance before it in *Mercado–Boneta*, it appears likely that the Court would conclude that late filed claims cannot be allowed in Chapter 13, based on both statutory and policy considerations.

■ There are numerous reported bankruptcy decisions on the issue of whether the excusable neglect standard may be applied to allow the late filing of a proof of claim in any case other than Chapter 11. The majority of courts considering the issue have ruled that the excusable neglect standard applies only in Chapter 11. See *Jones v.. Arross*, 9 F.3d 79 (10th Cir.1993) (holding in a Chapter 12 case that the "excusable neglect" standard for allowing untimely proofs of claim applies only in Chapter 11); *Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.)*, 920 F.2d 1428 (9th Cir.1990) (deadline for filing claims under Rule 3002(c) cannot be extended for excusable neglect); *U.S. I.R.S. v. Lee*, 184 B.R. 257 (W.D.Va.1995) (governmental unit must timely file proof of claim in Chapter 13 case to share in distribution); *Gullatt v. United States of America (In re Gullatt)*, 169 B.R. 385 (M.D.Tenn.1994) (holding that tardily filed claims not allowable in Chapter 13); *In re Wrobel*, 197 B.R. 289 (Bankr.N.D.Ill. 1996) (court is without power to waive deadline for filing claims in Chapter 13); *In re Lang*, 196 B.R. 528 (Bankr.D.Ariz.1996) (governmental unit cannot file late claim in Chapter 13 case, where request for extension of time to file claim is made after the bar date for governmental claims has passed); *In re Helton*, 183 B.R. 474 (Bankr.E.D.Ky.1995) (Fed.R.Bankr.P.3002(c) imposes absolute bar date against late claims in Chapter 13); *In re Thomas*, 181 B.R. 674 (Bankr.S.D.Ga.1995) (allowance of late filed claim requires proof that creditor falls within enumerated exception of Fed.R.Bankr.P. 3002 in Chapters 7, 12 or 13, or proof that creditor's due process rights were violated or that creditor had previously filed informal proof of claim); *In re Robert*, 171 B.R. 881, 884 (Bankr.N.D.Cal. 1994) (bankruptcy court does not have discretion to allow governmental unit to file an untimely proof of claim in Chapter 13); *In re Friesenhahn*, 169 B.R. 615 (Bankr.W.D.Tex. 1994) (governmental unit can not be granted leave to file claim in Chapter 13 after deadline fixed by Rule 3002(c)); and *In re Jones*, 154 B.R. 816, 818 (Bankr.M.D.Ga.1993) (time to file proofs of claim in Chapter 7 and 13 cases extendable only for reasons listed in Rule 3002(c)). This Court adopts the majority view and concludes that the excusable neglect standard found in Fed.R.Bankr.P. 9006(b)(1) is not applicable in a Chapter 13 case, based on Fed.R.Bankr.P. 9006(b)(3) and Fed.R.Bankr.P. 3002(c)(1), to allow a governmental unit to late file a proof of claim.

In its motion to file a late proof of claim, the United States based its request on the assertion that "due to the workload and lack of support personnel, as well as illness, the last day for filing a proof of claim was overlooked," and at the hearing before the Bankruptcy Court, SBA only addressed excusable neglect. The issue on appeal, as phrased by the debtor, only relates to whether the Bank-

ruptcy Court erred in concluding that excusable neglect could justify the untimely filing of a proof of claim by the United States, on behalf of SBA. Although SBA addresses this issue, SBA also argues that it did not receive timely notice of the bankruptcy filing and claims deadline, alluding to a due process argument. This case was filed November 13, 1996. SBA argues that it did not receive notice of the filing until December 30, 1996, and that it had only 133 days to file a proof of claim, rather than the 180 days granted to governmental units.

■ "Governmental entities, of course, do not enjoy the constitutional guaranty of due process afforded by the Fifth Amendment to the Constitution of the United States. Notwithstanding, governmental entities are entitled to whatever statutory due process a given legislative scheme provides." *In re Friesenhahn*, 169 B.R. 615, 622 n. 11 (Bankr. W.D.Tex.1994) (citations omitted). The Federal Rules of Bankruptcy Procedure require that a creditor be given a twenty day notice of the time fixed for filing a proof of claim in a Chapter 9 municipality or Chapter 11 reorganization case pursuant to Rule 3003(c). See Fed.R.Bankr.P.2002(a)(7). The notice period for the filing of a proof of claim in a Chapter 13 case is not specified. The Federal Rule only provides that the clerk give notice of the time allowed for the filing of a proof of claim pursuant to Rule 3002. See Fed.R.Bankr.P.2002(f).

■ Due process requires notice that is "reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response." *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir.), *cert. denied*, 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 318, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). The Court in *In re Robintech, Inc.*, concluded that a 13-day notice to the bankruptcy creditor, the state comptroller, telling the creditor of the bar date to file a proof of claim was adequate. *In re Robintech*, 863 F.2d at 396. See also *In re Helton*, 183 B.R. 474 (Bankr. E.D.Ky.1995) (notice to the creditor was adequate where creditor aware of bankruptcy

proceeding six days prior to claims filing deadline); and *In re Dartmoor Homes, Inc.*, 175 B.R. 659, 669–70 (Bankr.N.D.Ill.1994) (creditor with actual knowledge of Chapter 7 or Chapter 13 bankruptcy case, in time to take meaningful action, has reasonable notice, which satisfies due process concerns).

■ In the present case, the United States and SBA had actual notice of the claims bar deadline 133 days prior to its expiration, and we conclude that this was adequate notice in that the government had a reasonable amount of time to comply with the filing deadline or seek an extension of time to do so. SBA's argument that it was deprived of due process is rejected.

In addition, the bankruptcy court erred as a matter of law in concluding that excusable neglect could justify the untimely filing of a governmental unit's proof of claim in a Chapter 13 case. Accordingly, the bankruptcy court's order, granting the United States of America's motion to late file a proof of claim on behalf of the Small Business Administration is REVERSED, and the matter is hereby REMANDED to the United States Bankruptcy Court for the District of Massachusetts with directions to disallow the untimely claim of the United States of America.

SO ORDERED.