**In re Robert J. VOCCOLA, Debtor.**

**Bankruptcy No. 98–12032.**

United States Bankruptcy Court,
D. Rhode Island.

May 18, 1999.

Peter G. Berman, Raskin & Berman, Providence, RI, for debtor.

Marvin H. Homonoff, Providence, RI, for creditor Cooper–Lewis, Inc.

John Boyajian, Boyajian, Harrington & Richardson, Providence, RI, Chapter 13 Trustee.

### *ORDER DENYING MOTION TO FILE PROOF OF CLAIM OUT OF TIME*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Motion of creditor Cooper–Lewis, Inc. to file a proof of claim out of time. Cooper–Lewis acknowledges that the claims bar date has passed, but wishes to file a $7,516 unsecured proof of claim late, on the ground of "excusable neglect."[1] It is undisputed that Cooper–Lewis provided the Chapter 13 Trustee with valuable assistance in recovering assets for the estate, and, in fact, informed the Trustee at the 341 meeting that it did have a claim against the Debtor. In Chapter 13 cases however the time bar is jurisdictional, and equitable considerations, however compelling they may be, cannot alter the legal consequences of a creditor's failure to timely file a proof of claim.

1. The claims bar date was September 24, 1998, and Cooper–Lewis' knowledge of the bar date is not at issue.

**240**

■ The Bankruptcy Appellate Panel for the First Circuit has recently addressed the issue of whether the excusable neglect standard found in Fed.R.Bankr.P. 9006 is applicable in Chapter 13 cases, regarding the allowance of late filed claims. *In re Aboody,* 223 B.R. 36, 37–39 (1st Cir. BAP 1998). The Panel adopted the majority view that "the excusable neglect standard found in Fed.R.Bankr.P. 9006(b)(1) is not applicable in a Chapter 13 case, based on Fed.R.Bankr.P. 9006(b)(3) and Fed.R.Bankr.P. 3002(c)(1)." *Id.* at 39. The court also noted that the excusable neglect standard found in *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), is limited to claims filed in Chapter 11 cases. *Aboody,* 223 B.R. at 38; *Pioneer,* 507 U.S. at 389, n. 4, 113 S.Ct. 1489. This Court will follow the reasoning of *Aboody,* and adopt it herein. Accordingly, the Motion to allow the late filed claim on the basis of excusable neglect is DENIED.

■ Cooper–Lewis argues in the alternative that its discussion about its claim with the Trustee at the 341 meeting should constitute an informal filing that may now be amended to a formal proof of claim. We must reject this argument, as well. Recently in *In re Hall,* we reiterated that in order for a claim to be considered as filed informally it "must manifest on the *judicial record*" the existence, nature and amount of the claim. 218 B.R. 275, 277 (Bankr.D.R.I.1998) *(emphasis added),* quoting *In re Thornlimb,* 37 B.R. 874, 875 (Bankr.D.R.I.1984). Cooper–Lewis' undocumented verbal communication to the Trustee did not manifest itself on the judicial record and therefore may not constitute an informal proof of claim. The request for alternate relief is DENIED.

Enter Judgment consistent with this order.