In re Howard Robert BEAVER, Mary Alice Beaver, Debtors.

Frank PUCKETT, Plaintiff,

v.

Howard Robert BEAVER and Mary Alice Beaver, Defendants.

Bankruptcy No. 2–86–01566.
Adv. No. 2–86–0162.

United States Bankruptcy Court,
S.D. Ohio, E.D.

June 25, 1987.

Daniel F. Carmack, Columbus, Ohio, Chapter 7 Trustee.

Stephen E. Schafer, Columbus, Ohio, for plaintiff.

William J. Fleck, Jr., Columbus, Ohio, for defendants.

## AMENDED ORDER DENYING RELIEF FROM DEFAULT JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon a motion seeking relief from a judgment of this Court dated October 14, 1986. The motion seeking relief, filed on behalf of defendants Howard and Mary Alice Beaver, is opposed by plaintiff Frank Puckett.

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and by the General Order of Reference entered in this district in accordance with 28 U.S.C. § 157(a). This matter is a core proceeding as provided by 28 U.S.C. § 157(b)(2)(J).

The facts in this matter are essentially undisputed. On July 29, 1986 the plaintiff filed a complaint objecting to the granting of discharges to the defendants in their pending Chapter 7 bankruptcy case. The allegations of the complaint were based upon three grounds for the denial of discharge found in 11 U.S.C. § 727(a). At the time the complaint was filed, summonses were issued from the office of the Clerk of the Bankruptcy Court directed to the defendants, and on July 25, 1986 the plaintiff's attorney filed the return of those summonses, certifying that service had been made upon both defendants and their attorney in the manner provided by Bankruptcy Rule 7004(b)(9). No answer to the complaint was filed with the Court or served upon the attorney for the plaintiff.

On August 27, 1986, the plaintiff moved for default judgment against both defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure, applicable to this adversary proceeding by Bankruptcy Rule 7055. In accordance with that motion, an Entry of Default as to both defendants was entered by the Clerk of the Bankruptcy Court on October 14, 1986. Consistent with that entry, the Court executed the default judgment submitted by the plaintiff's attorney. On October 17, 1986, the defendants sought relief from that judgment by the motion now under consideration, and on March 2, 1987, that motion was supported by an affidavit of the debtor's attorney.

The defendants attempt to assert that the entry of default judgment in this matter was somehow inappropriate because neither the defendants nor their attorney were served with the motion seeking that relief as required by Rule 55(b)(2) of the Federal Rules of Civil Procedure for a party which has "appeared" in the matter. In support of that argument the defendants maintain that the pendency of their Chapter 7 case established their appearance in this adversary action. The defendants also contend that the plaintiff's complaint was not sufficiently detailed, and that the presence of assets in the bankruptcy case eliminates any prejudice to plaintiff if this judgment is reopened. Finally, the defendants argue that a motion they had filed in their bankruptcy case seeking to voluntarily dismiss that action acted as a pre-response pleading in this adversary proceeding and extended the time for filing an answer until after disposition of the dismissal motion in the manner of motions pursuant to Fed.R. Civ.P. 12(b) generally. That dismissal request was denied by this Court for reasons not relevant to this action.

In response, the plaintiff asserts that defendants' interpretation of an "appearance" for purposes of an adversary proceeding would render Fed.R.Civ.P. 55 meaningless in any adversary proceeding related to a bankruptcy case where the defendant is also the debtor since, by definition, the debtor has always appeared in the bankruptcy case. The plaintiff continues that, as a matter of both law and fact, the dismissal motion was not related in any manner to nor prompted by this complaint, but was discussed at the creditors' meeting early in the bankruptcy case prior to the filing of this action. The plaintiff further asserts that the presence of potential assets in the bankruptcy case is irrelevant to the propriety of a judgment in this action unless such assets fully satisfy all of the plaintiff's claim, in which event the judgment in this action also becomes irrelevant.

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside a judgment by default only in accordance with Rule 60(b) which states in pertinent part:

**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment ...

The only relevant grounds in that rule for the relief requested in this action are "mistake, inadvertence, surprise, excusable neglect," or the catchall provision for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(1) & (6). Accordingly, the Court must determine whether the defendants have established either of those grounds and, if so established, whether the Court should or will exercise its discretion to grant the requested relief.

Although the provisions of Fed.R.Civ.P. 60(b) should be liberally construed to do substantial justice and the important goal of finality of judgments may yield if the facts of a given case indicate that refusing to reopen a judgment would be especially inequitable, to succeed in obtaining such relief a movant must establish not only one of the grounds set forth in Rule 60(b), but also must demonstrate the existence of a meritorious defense. *Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156 (6th Cir.1980).

▪ The Court finds that the defendants erred in believing that their motion seeking to dismiss their bankruptcy case suspended action in this adversary proceeding. Although this Court's jurisdiction to hear this adversary action initially depended upon the pendency of the underlying bankruptcy case, the two are separate legal actions. Therefore, defendants' actions in their Chapter 7 bankruptcy case had no effect upon their required response time in this adversary action.

▪ The Court also finds that the defendants erred in believing that their appearance in their Chapter 7 bankruptcy case constituted an appearance in this action. Because the two actions are legally separate, with different case and docket numbers, there are no issues in the bankruptcy case which are deemed effective for any purpose in the adversary. The plaintiff was required to serve his summonses upon both defendants and their attorney in the bankruptcy case on the presumption that the same attorney would represent those debtors as defendants in the adversary action. Even that fact of representation is not conclusively presumed, however. Therefore, since the defendants filed no responsive pleadings of any nature in the adversary action and did not otherwise ap-

pear in that action, the plaintiff was not required to serve his motion seeking a default judgment upon the defendants or their attorney. Such service might have been an appropriate professional courtesy, but was not required under Fed.R.Civ.P. 55(b)(2).

■ Examination of relevant case law indicates that conscious choices which a Court finds to be in error do not establish the kind of "mistake" envisioned by Fed.R. Civ.P. 60(b)(1).[1] Moreover, that such errors may have resulted from an attorney's advice does not establish "excusable neglect" for the purposes of that same Rule.[2] Accordingly, this Court must find that the defendants have been unable to establish a ground for relief pursuant to Fed.R.Civ.P. 60(b)(1).

■ With regard to establishing a ground for relief under Fed.R.Civ.P. 60(b)(6), the Court notes that "any other reason justifying relief from the operation of the judgment," by its terms, must be for a reason not within the alternative ground of "mistake, inadvertence, surprise or excusable neglect." Reasons which courts have found to be within the spirit of Rule 60(b)(6) include instances where a party has been unable to defend an action because of mental or physical illness,[3] or where a court's jurisdiction has been placed at issue.[4] The Rule is not to be used as a substitute for appeal. *Ackermann v. U.S.*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *Ashby Enterprises v. Weitzman, Dym & Assoc.*, 780 F.2d 1043 (D.C.Cir. 1986). Therefore, any arguments the defendants have chosen to assert relating to the sufficiency of the plaintiff's complaint may not be considered in this context. Likewise, the Court finds that the possibility of the presence of assets in the bankruptcy case is presently irrelevant and can-

not serve as a reason to justify relief from the judgment. To the extent the plaintiff's obligation is satisfied by a distribution in the bankruptcy case, the debt which is not discharged by the operation of the judgment in this adversary is correspondingly decreased.

Despite this Court's preference for hearing and deciding litigation on its merits, and despite the effect of this judgment under 11 U.S.C. § 727(a) upon the defendants, the Court cannot find that the defendants have established any reason for relief pursuant to Fed.R.Civ.P. 60(b). Indeed, this Court, as a matter of policy, would not relieve parties from a judgment which resulted from any consciously chosen litigation strategy which later turned out to be in error. The Court believes that the defendants decided not to respond to the plaintiff's complaint for reasons which later were found to be mistaken. Such activity does not establish any cognizable reason for relief pursuant to Rule 60(b).

Based upon the foregoing, the Court finds that the defendants' motion seeking relief from the default judgment entered against them on October 14, 1986 shall be, and the same is, hereby, OVERRULED.

IT IS SO ORDERED.

1. *Federal's, Inc. v. Edmonton Investment Co.*, 555 F.2d 577 (6th Cir.1977); *Dal International Trading Co. v. Sword Line, Inc.*, 286 F.2d 523 (2nd Cir.1961).

2. *U.S. v. Erdoss*, 440 F.2d 1221 (2d Cir.1971), *cert. denied* 404 U.S. 849, 92 S.Ct. 83, 30 L.Ed.2d 88.

3. *Klapprott v. U.S.*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949), *judg. modified* 336 U.S. 942; *Rooks v. American Brass Co.*, 263 F.2d 166 (6th Cir.1959).

4. *Bank of Montreal v. Olafsson*, 648 F.2d 1078 (6th Cir.1981), *cert. denied* 454 U.S. 1084, 102 S.Ct. 641, 70 L.Ed.2d 619.