In re WILLIAM CARGILE
CONTRACTOR, INC.,
Debtor.

Norman SLUTSKY, Trustee of William
Cargile Contractor, Inc., Plaintiff–
Appellant,

v.

AMERICAN EXPRESS TRAVEL RE-
LATED SERVICES COMPANY
INC., et al., Defendants,

Western Steel Erection, Inc.,
Defendant-Appellee.

BAP No. 97–8013.
Bankruptcy No. 1–92–04791.

United States Bankruptcy Appellate Panel
of the Sixth Circuit.

Submitted May 13, 1997.

Decided June 13, 1997.

**436**

Michael L. Scheier, Keating, Muething & Klekamp, Cincinnati, OH, on brief, for Plaintiff–Appellant.

John J. Schmidt, Reisenfeld & Associates, Cincinnati, OH, on brief, for Defendant–Appellee.

Before BAXTER, RHODES, and STOSBERG, Bankruptcy Appellate Panel Judges.

## OPINION

This appeal arises from the Trustee's failure to serve a nonappearing defendant with a motion for default judgment. The bankrupt-cy court vacated the default judgment and the Trustee initiated this appeal.

We REVERSE.

### I. ISSUE ON APPEAL

The issue is whether the bankruptcy court erred by vacating the default judgment based on the Trustee's failure to serve Western with the motion for default judgment.

### II. JURISDICTION AND STANDARD OF REVIEW

In an order entered on March 28, 1997, this Bankruptcy Appellate Panel determined that the bankruptcy court order vacating the default judgment was not a final order, and the Trustee was allowed ten days to file a motion for leave to appeal under 28 U.S.C. § 157(a)(3). The Trustee timely filed such a motion for leave to appeal which was grant-ed. Accordingly, this appeal is now properly before the Bankruptcy Appellate Panel.

We review the bankruptcy court's order vacating default judgment *de novo.* *De novo* means deciding the issue as if it had not been heard before. *Mapother & Ma-pother, P.S.C. v. Cooper (In re Downs* ), 103 F.3d 472 (6th Cir.1996). No deference is given to the trial court's conclusions of law. *Razavi v. C.I.R.,* 74 F.3d 125 (6th Cir.1996). Decisions concerning interpretations of the federal rules of bankruptcy procedure are reviewed *de novo. Mapother & Mapother, P.S.C. v. Cooper (In re Downs* ), 103 F.3d 472 (6th Cir.1996)(interpretation of 11 U.S.C. § 329(a) and Fed. R. Bank. P.2016(b)). *See also, Canadian Pacific Forest Prods. Ltd. v. J.D. Irving, Ltd. (In re Gibson Group, Inc.*), 66 F.3d 1436 (6th Cir.1995); and *Amerna-tional Industries, Inc. v. Action–Tungsram, Inc.,* 925 F.2d 970, 975 (6th Cir.1991), *cert. denied,* 501 U.S. 1233, 111 S.Ct. 2857, 115 L.Ed.2d 1024 (1991).

In this case, the standard of review deserves further explanation and analysis. Ordinarily, in a case where a bankruptcy court has vacated a judgment, the appropri-ate standard of review is "abuse of discre-tion". *Huff v. Metropolitan Life Ins. Co.,* 675 F.2d 119 (6th Cir.1982). However, where the bankruptcy court vacates a judg-

ment based on an erroneous interpretation of the law, the standard of review is the same as in other cases of legal error, *de novo*. *See, Huff,* 675 F.2d at 122, footnote 5 (*citing* 6A J. Moore, *supra* ¶ 59.15[4] at 294).

The bankruptcy court vacated the default judgment based on the Trustee's failure to serve Western with the motion for default, holding that such failure to provide service amounted to a denial of Western's due process rights, despite the clear language of Federal Rule of Civil Procedure 55. As such, the appropriate standard of review is *de novo,* as we are reviewing a court's erroneous interpretation of the law. *Mapother,* 103 F.3d 472.

Nonetheless, a trial court necessarily abuses its discretion when it bases a ruling on an erroneous view of the law. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608 (6th Cir.1995); *Davis by Davis v. Jellico Community Hosp., Inc.,* 912 F.2d 129 (6th Cir.1990); *In re Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *See also, Faile v. Upjohn Co.,* 988 F.2d 985, 986–87 (9th Cir.1993).

### III. FACTS

Norman Slutsky, Trustee of Wm. Cargile Contractor, Inc. (the "Trustee") filed a preference action against Western Steel Erection, Inc. ("Western") on September 21, 1994. Western failed to answer or otherwise respond to the complaint. There is no dispute that the Trustee properly served Western with the summons and complaint, and Western admits receiving the complaint. Upon Western's failure to enter any kind of appearance in the case, either formally or informally, the Trustee moved for entry of a default judgment on April 10, 1995. The Trustee did not serve Western with a copy of the motion for default judgment and neither the bankruptcy court nor the Trustee sent Western a copy of the Order Granting Motion for Default Judgment, entered May 18, 1995.

On December 22, 1995, the Trustee sent a letter to Western demanding payment of the preference judgment. On February 1, 1996, approximately one and one-half years after receiving the complaint and summons, West-

ern entered an appearance and moved the bankruptcy court to vacate the default judgment.

On April 3, 1996, the bankruptcy court vacated the default judgment. The bankruptcy court based its ruling solely on the ground that Western was not afforded adequate due process when the Trustee failed to serve the motion for default judgment on Western.

### IV. DISCUSSION

*I. THE BANKRUPTCY COURT ERRED BY FAILING TO APPLY THE "PLAIN MEANING" OF THE FEDERAL RULES OF CIVIL PROCEDURE.*

The bankruptcy court set aside the default judgment entered in favor of the Trustee because the Trustee failed to serve the motion for default judgment on Western. Federal Rule of Civil Procedure 55 does not require service of a motion for default judgment on a nonappearing party, such as Western. Federal Rule of Civil Procedure 55 provides, in pertinent part:

> If the party against whom judgment by default is sought has appeared in the action, the party shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. [emphasis added].

Fed.R.Civ.P. 55(b)(2).

The United States Supreme Court has directed that we give the Federal Rules of Civil Procedure their plain meaning, and when we find them "unambiguous, judicial inquiry is complete." *Pavelic & LeFlore v. Marvel Entertainment Group,* 493 U.S. 120, 123, 110 S.Ct. 456, 458, 107 L.Ed.2d 438 (1989) (*citing, Walker v. Armco Steel Corp.,* 446 U.S. 740, 750, n. 9, 100 S.Ct. 1978, 1985, n. 9, 64 L.Ed.2d 659 (1980) and *Rubin v. U.S.,* 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981)). *See also, Hanna v. Plumer,* 380 U.S. 460, 471, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965)(courts are to apply the Federal Rules, unless the rule in question "transgresses constitutional restrictions.").

Rule 55 unequivocally states that service of the motion is required "if the party against whom judgment by default is sought has appeared in the action." Fed.R.Civ.P. 55(b)(2). An "informal" appearance would suffice in requiring service of the motion for default. *See, Lutomski v. Panther Valley Coin Exchange,* 653 F.2d 270, 271 (6th Cir. 1981). In this case, however, Western did nothing. Western admits receiving the complaint and summons (*See* Affidavit of Bob Shubert, Exh. E to appeal docket # 7) and further admits the failure to respond formally or informally to the Trustee's lawsuit, until approximately six (6) weeks following receipt of a demand letter from the Trustee, who was attempting to collect the judgment. Having failed to appear in the action, Western was not entitled to notice of the Trustee's motion for default judgment. *See, In re Beaver,* 79 B.R. 706, 708–09 (Bankr.S.D.Ohio 1987); *Whittlesey v. Weyerhauser Co.,* 640 F.2d 739, 741 (5th Cir.1981).

Further, the bankruptcy court made no findings nor cited to any cases in support of its decision that Rule 55 violates due process. Even Western's counsel admits having no authority to support the bankruptcy court's ruling.

II. *THE BANKRUPTCY COURT ERRED BY FAILING TO ADDRESS THE RULE 60(b) CRITERIA NECESSARY TO SETTING ASIDE A DEFAULT JUDGMENT.*

■ Where there is a judgment by default, the court must find that the movant satisfied the Rule 60(b) criteria in order to vacate the judgment. *In re Couts,* 188 B.R. 949 (Bankr.E.D.Mich.1995). The bankruptcy court made no finding that Western satisfied the Rule 60(b) criteria.

■ Federal Rule of Civil Procedure 55(c), dealing with the setting aside of default judgments, provides as follows:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Fed.R.Civ.P. 55(c). When relief is sought from a *judgment* of default, as in the case at hand, Rule 60(b) supplies the "good cause." *United Coin Meter Co., Inc. v. Seaboard Coastline RR,* 705 F.2d 839, 843–44 (6th Cir. 1983).

■ Rule 60(b) provides for relief from judgment in the case of "mistake, inadvertence, surprise, or excusable neglect." The moving party must demonstrate (1) that a set-aside would not prejudice the plaintiff, (2) the presence of a meritorious defense, and (3) that no culpable conduct on the part of the defendant led to the default. *Id.* at 845 (*citing, Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir.1982)).

The culpability factor is key to the Rule 60(b) determination. The moving party must show that no culpable conduct on its part led to the default. Although balancing the three factors is appropriate, the "result" of a Rule 60(b) motion "almost invariably depends on the culpability factor." *Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.,* 58 F.3d 204, 210 (6th Cir.1995)(where the Sixth Circuit found that the district court abused its discretion when it set aside a default judgment after the defendant failed to respond until eleven (11) months after entry of the judgment). *See also, Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir.1987), *cert. denied,* 484 U.S. 976, 108 S.Ct. 486, 487, 98 L.Ed.2d 485 (1987)(where the defendant was guilty of laches or unreasonable delay, the district court properly denied the motion to set aside the default judgment). Generally, a defendant's conduct is considered culpable if there is no excuse for the default. *U.S. v. Timbers Preserve, Routt County, Colo.,* 999 F.2d 452, 454 (10th Cir. 1993).

■ While is it conceded that the trial court is required to apply Rule 60(b) "equitably and liberally ..." to achieve substantial justice" *United Coin,* 705 F.2d at 845 (*citing, Blois v. Friday,* 612 F.2d 938, 940 (5th Cir. 1980)), Western's deliberate conduct fails the Rule 60(b) prong requiring a lack of culpability on the part of the party moving to set aside the default. *See, Manufacturers' Indus.,* 58 F.3d at 210. Western waited eight and one-half months after entry of the default judgment before moving to set it aside. Under the circumstances of this case, where

Western acknowledged receiving the Trustee's Complaint and Summons, Western failed to act promptly. Western's flagrant disregard for the courts' rules undermined the Trustee's ability to efficiently administer the bankruptcy estate.

## V.  CONCLUSION

The bankruptcy court erred by vacating the default judgment based on an erroneous interpretation of Federal Rule of Civil Procedure 55, which does not require service of a motion for default judgment on a defendant who has received a complaint and fails to respond in any fashion. The motion to set aside the default judgment should have been denied. The order granting the motion to set aside the default judgment is reversed.