*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to
6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 12b0004n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: TAMARA A. CALLOWAY, ) | |
| JAMES E. CALLOWAY, ) | No. 11-8059 |
| ) | |
| Debtors - Appellants. ) | |
| _____ ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio
Case No. 10-64801

Decided and Filed: March 27, 2012

Before: FULTON, HARRIS, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Shannon M. Treynor, SHANNON M. TREYNOR, ATTORNEY AT LAW, L.L.C.,
London, Ohio, for Appellants.

_____

**OPINION**

_____

MARILYN SHEA-STONUM, Bankruptcy Appellate Panel Judge. Tamara and James
Calloway ("Debtors") appeal the bankruptcy court's order denying their motion pursuant to Federal

Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b) seeking relief from the order confirming their chapter 13 plan. For the reasons set forth below, the Panel AFFIRMS.

## I. ISSUE ON APPEAL

The issue presented by this appeal is whether the bankruptcy court abused its discretion in denying Debtors' motion seeking relief from the order confirming their chapter 13 plan.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and Debtors have not elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S. Ct. 1484, 1497 (1989) (citations omitted). An order denying a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) is a final order. *Slutsky v. Am. Express Travel Related Servs. Co. (In re William Cargile Contractor, Inc.),* 209 B.R. 435, 435-36 (6th Cir. B.A.P. 1997).

The decision to grant or deny a motion pursuant to Federal Rule of Civil Procedure 60(b) is within the discretion of the bankruptcy judge. *Bavey v. Powell (In re Baskett),* 219 B.R. 754, 757 (6th Cir. B.A.P. 1998). The bankruptcy judge's decision is reviewed on appeal for abuse of discretion. *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001). An abuse of discretion will be found when the reviewing court has a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Huey v. Stine,* 230 F.3d 226, 228 (6th Cir. 2000) (citations and internal quotation marks omitted). "The question is not how the reviewing court would have

ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re Behlke*, 358 F.3d 429, 437 (6th Cir. 2004) (citation omitted).

## III. FACTS

On December 22, 2010, Debtors filed a chapter 13 petition and a proposed chapter 13 plan. At the time their petition was filed, Debtors' primary residence (the "Real Property") was encumbered by two mortgages. On their Schedule D - Creditors Holding Secured Claims, Debtors list the first mortgage holder as having a $186,189.00 claim and the second mortgage holder as having a $34,950.00 claim. Debtors also list the value of the Real Property at $236,140.00. On January 6, 2011, Debtors obtained an appraisal of the Real Property which assigned to it a value of $180,000.00. Debtors' schedules were not amended.

Debtors' plan included, *inter alia*, the following as to claims secured by the Real Property:

B.      CLASS 1 - CLAIMS SECURED BY REAL PROPERTY

    Except as set forth in section B(3), all secured creditors secured only by a
    security interest in real property shall retain their liens until the later of issuance of
    a discharge or payment of the underlying debt as determined under non-bankruptcy
    law.

Subsection B(1) addresses "Mortgage Payments Outside of Plan" and provides that regular monthly mortgage payments will be made directly by Debtors to the creditors holding the first and second mortgages on the Real Property. Subsection B(3) sets forth the following:

B(3).   Liens and/or Mortgages to be Paid as Unsecured Claims.

    The following claims secured by a lien and/or mortgage will be paid as
    unsecured claims concurrent with Class 5 general unsecured claims. Debtor shall file
    a separate motion or adversary proceeding to determine: (i) whether the property

3

listed below vests free and clear of the lien(s) and/or mortgage(s) pursuant to § 1327 or (ii) whether the lien(s) and/or mortgage(s) listed below may be avoided pursuant to other applicable provisions of the Bankruptcy Code. Notwithstanding § 1327, a confirmation of the Plan shall not be dispositive of: (i) the valuation of the collateral or (ii) the secured status of the claims. Debtor has standing and authority to file the motion or adversary proceeding; to the extent that the Trustee has standing to bring such action, standing is hereby assigned to the Debtor.

The plan does not list any claims under this subsection.

Class 5 of Debtors' plan addresses general unsecured claims and provides that "[a]fter payment of allowed claims in Classes 1, 2, 3 and 4, allowed general unsecured claims shall be paid a dividend of 51.00 %."

No objections to Debtors' plan were filed and it was confirmed by an order entered on February 18, 2011. That order provides that the plan is confirmed, subject to the following terms, conditions and restrictions:

6.      The value of property which is the subject of a security interest shall be the lesser of the value set forth in the Plan (or if a value is not stated in the Plan, then the value set forth in the Debtor(s)' schedules) or the value set forth in the secured creditor's proof of claim, unless a different value is stipulated by the parties or determined by Court order.

The deadline to file proofs of claim was set at April 26, 2011. The holder of the first mortgage did not file a proof of claim in Debtors' bankruptcy case.

On August 1, 2011, Debtors filed a "Motion for 60(B) Relief from Confirmation Order" pursuant to which Debtors sought, based upon excusable neglect, to:

(1) vacate the confirmation order, (2) file an Amended Schedule A to reflect the values contained in the appraisals, (3) file a Proof of Claim on behalf of the first mortgage holder, . . ., (4) and propose a plan modification to pay the wholly unsecured [second] mortgage holder . . . as an unsecured creditor. The debtors' proposal would include the filing of an adversary action to strip the lien.

On August 8, 2011, the bankruptcy court entered a two paragraph order denying Debtors' motion. As the basis for its ruling the bankruptcy court set forth the following:

> The Motion states that Debtors failed to amend their chapter 13 plan prior to confirmation to provide for avoidance of a second mortgage due to a creditor's failure to file a proof of claim. Such failure to amend is not "excusable neglect" under Rule 60(b).

On August 22, 2011, Debtors timely filed their notice of appeal of the bankruptcy court's order. Only Debtors have filed a brief in this appeal.

## IV. DISCUSSION

Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), made applicable in bankruptcy cases by Bankruptcy Rule 9024, provides as follows:

> **(b)** **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

5

In Debtors' motion and in the bankruptcy court's order denying that motion no specific subsection of Rule 60(b) is cited. On appeal, Debtors rely upon subsections (b)(1) and (b)(6).

Debtors contend that "the failure to modify their plan to provide for a lien strip action before their initial plan was confirmed constitutes either mistake, inadvertence or excusable neglect." Debtors further contend that such failure is "exacerbated by the fact that the Debtors were clearly relying on the advice of counsel, who wished to be certain that the lien strip was statutorily available before making such proposal and suggested waiting for the proof of claim from the primary mortgage lender."

What constitutes "excusable neglect" for purposes of Rule 60(b)(1) was addressed by the United States Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489 (1993). In that case the Supreme Court approved a lower court's consideration of the following factors for evaluating "excusable neglect:" (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the movant's delay or failure to act, (4) whether the misfeasance was within the reasonable control of the moving party and (5) whether the moving party acted in good faith. *Pioneer*, 507 U.S. at 385, 113 S. Ct. at 1493. The Supreme Court also addressed whether clients could demonstrate "excusable neglect" by assigning fault to their counsel and concluded that they could not:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'

*Pioneer*, 507 U.S. at 397, 113 S. Ct. at 1499 (citations and internal quotations marks omitted).

Rule 60(b)(6) provides relief "only in exceptional and extraordinary circumstances," which have been defined as those "unusual and extreme situations where principles of equity *mandate* relief." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001) (citations omitted). A decision to grant Rule 60(b)(6) relief is "a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all facts.'" *Blue Diamond Coal Co.*, 249 F.3d at 529 (citation omitted).

On appeal, Debtors base their arguments under both Rule 60(b)(1) and (6) on the fact that they relied upon advice of their counsel to wait to challenge the second mortgage on the Real Property until the proof of claim filing deadline had passed in their case. Such argument cannot support vacating the confirmation order under Rule 60(b)(1) because such reliance was not the result of "mistake, inadvertence or surprise." Nor does such reliance constitute "excusable neglect." In addition, Debtors did not argue before the bankruptcy court that relief should be granted under Rule 60(b)(6). Therefore, this argument is waived. *See Bailey v. Floyd Cnty. Bd. of Educ.*, 106 F.3d 135, 143 (6th Cir. 1997) ("It is well-settled that this court will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice."). As the Panel sees no reason for departing from this well-settled policy, the Panel declines to consider Debtors' argument based on Rule 60(b)(6), which was raised for the first time on appeal. Accordingly, it was not an abuse of the bankruptcy court's discretion to deny Debtors' Rule 60(b) motion.[1]

---

[1] The Panel need not decide whether Debtors can successfully pursue a postconfirmation adversary proceeding to strip off a totally unsecured second mortgage, even without vacating the order confirming their chapter 13 plan. This question should be left for the bankruptcy court to decide in the first instance, if and when the question comes before it. *Cf. In re Johnson*, 279 B.R. 218 (Bankr. M. D. Tenn. 2002) (confirmation of chapter 13 plan does not preclude trustee's postconfirmation action to avoid creditor's lien, although confirmation may preclude relitigation of value of collateral stated in confirmation order).

Debtors also contend that the bankruptcy judge abused his discretion in entering the order denying their Rule 60(b) motion because the decision was rendered without any objection by a party in interest, without any hearing on the merits and before the requisite response time had run. The mere absence of an objection to a motion does not entitle movant to the relief sought and the Bankruptcy Rules do not require a hearing on a motion filed pursuant to Rule 60(b). Although the bankruptcy court's order was entered only seven days after Debtors filed their Rule 60(b) motion,[2] Debtors have failed to set forth any explanation as to how they were harmed by the bankruptcy court's timing in entering the order denying their Rule 60(b) motion. *Cf. Grinnell Mut. Reinsurance Co. v. Reinke*, 43 F.3d 1152 (7th Cir. 1995) (noting that only a person injured by the terms of a judgment is entitled to appeal); *HCA Health Svcs. of Va. v. Metro. Life Ins. Co.*, 957 F.2d 120 (4th Cir. 1992) (party must be aggrieved by a judgment in order to have standing to appeal).

## V. CONCLUSION

For the foregoing reasons, the Panel AFFIRMS the bankruptcy court's order denying Debtors' Rule 60(b) motion for relief from the order confirming their chapter 13 plan.

---

[2] Rule 9013-1(b) of the Local Rules for the U.S. Bankruptcy Court for the Southern District of Ohio provide that, unless otherwise ordered by the court, a response to a motion shall be filed within twenty-one days from the date of service as set forth on the certificate of service attached to the motion.