**In re Stanton COLLIER, Debtor.**

**No. 02–44727.**

United States Bankruptcy Court, D. Massachusetts.

March 30, 2004.

David L. Brunelle, Law Office of David Brunelle, PC, South Hadley, MA, for debtor.

Geri Laventis, Holyoke, MA, for William Kantany & Krystyna Ksiazek.

Denise M. Pappalardo, Worcester, MA, for Chapter 13 Trustee.

### MEMORANDUM OF DECISION

HENRY J. BOROFF, Bankruptcy Judge.

On September 10, 2003, this Court granted a "Motion to Late File Proof of Claim" filed by William Kantany and Krystyna Ksiazek (the "Claimants"). Before the Court is the "Debtor's Motion for Reconsideration" (the "Motion") of that September 10, 2003 order. For the reasons set forth herein, the Motion is denied.

I. *FACTS AND TRAVEL OF THE CASE*

Stanton E. Collier (the "Debtor") filed a voluntary Chapter 7 petition in this Court on August 1, 2002. William Kantany is listed on Schedule F as a disputed judgment creditor with a claim in the amount of $17,000.00.[1] On November 1, 2002, the

---

1. While the petition lists Mr. Kantany individually; the underlying District Court action, all

motions filed with the bankruptcy court, and all oral representations have treated Kantany

case was converted to Chapter 13 at the Debtor's request.

On December 4, 2002, the Claimants filed a "Motion to Extend Time to File Proof of Claim and/or Adversary Proceeding" (the "First Extension Motion"). They requested an extension of time on account of the conversion of the case. However, as of the date of the First Extension Motion, neither the Section 341 meeting date, nor the deadline to file proofs of claim had been set in the converted case. Accordingly, the Court denied the First Extension Motion, noting that "[t]he deadline is not on the immediate horizon." Ultimately, the Section 341 meeting in the now converted Chapter 13 case was set for March 12, 2003 and was noticed by the Court on February 21, 2003. The Court's notice listed June 10, 2003 as the deadline for non-governmental entities to file claims pursuant to Rule 3002.[2]

On April 10, 2003, the Claimants again filed a "Motion to Extend Time to File a Proof of Claim" (the "Second Extension Motion"), this time complaining that the Debtor had recently filed an amended Chapter 13 plan and the Claimants needed additional time to review the plan and retain counsel. The Court found insufficient cause for the extension, and, on April 11, 2003 denied the motion, this time referencing Rule 3002.[3]

On June 4, 2003, six days prior to the expiration of the bar date, the Debtor filed with the Court and noticed upon all creditors a "Second Amended Chapter 13 Plan" (the "Second Amended Plan"). The Second Amended Plan was accompanied by a Chapter 13 Plan Cover Sheet (the "Cover Sheet"), containing at least three infirmities. First, the Cover Sheet indicated that the "Filing Date" was January 6, 2003, and not June 4, 2003. Second, the Cover Sheet contained the following language:

> YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.[4]

In fact, the Court had already, months before, send out a notice and advised creditors of a June 10, 2003 claims filing deadline. The language suggested that another notice (and bar date) would be sent. Third, the Cover Sheet contained the following additional language:

> PURSUANT TO THE MASSACHU-SETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL FIVE (5) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAP-

---

and Krystyna Ksiazek as joint creditors. Therefore, Kantany and Ksiazek will hereinafter be referred to as "Claimants."

**2.** Rule 3002(c) provides that in a Chapter 7, 12, or 13 case, "a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code." Fed. R. Bankr.P. 3002(c).

**3.** Rule 3002 explicitly provides for only five exceptions to the applicability of its 90 day window for filing claims: (1) claims by a governmental unit; (2) claims by an infant or

incompetent; (3) judgment claims within 30 days of the judgment; (4) claims arising from rejection of an executory contract or unexpired lease; (5) claims in a no-asset case where assets later become available. *See id.* It is undisputed that at the time the Second Extension Motion was filed no exceptions to the 90 day claim filing period were applicable, nor was the notice of the June 10, 2003 bar date insufficient.

**4.** The language was derived, verbatim, from Official Local Form 3, Chapter 13 Plan and Cover Sheet. MLBR (5th ed.2003).

TER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTORS(SIC) COUNSEL, AND THE CHAPTER 13 TRUSTEE.[5]

This too was wrong and additionally confusing. Pursuant to the Massachusetts Local Bankruptcy Rules ("MLBR"), the deadline for filing an objection to an amended Chapter 13 Plan is thirty days after the filing of the certificate of service of the amended plan. MLBR 13–10(b). And so, following the language leads to two possibilities, both of which are wrong. If one assumes that the only effective deadline would run from the first date set for the Section 341 meeting, then the deadline for objecting to the amended plan ran months before the amended plan was filed. Or, if one assumes that the Court intended to reset a deadline based on another Section 341 meeting to be scheduled, then the deadline had not yet run. The latter is more plausible (albeit wrong), and that glimmer of plausibility obfuscates the June 10, 2003 deadline.

The Claimants filed a "Motion to Late File Proof of Claim" on July 14, 2003. The Debtor opposed. At the hearing on the motion, the Claimants, now represented by counsel, argued that the language of the "Second Amended Chapter 13 Plan" violated their due process rights by creating confusion about the bar date. They maintained that they did not file a timely proof of claim because they formed a reasonable belief that the bar date would be reset.[6] The Debtor argued that extension of the claims bar date was not permitted by Rule 3002, as explained by the First Circuit Bankruptcy Appellate Panel in the case of

*In re Aboody,* 223 B.R. 36 (1st Cir. BAP1998). The Debtor also complained that allowance of the extension on the basis of the language in the Cover Sheet would punish him for compliance with this Court's local rules which require conformity with the Local Form now claimed to include misleading language. Finally, the Debtor contended that no confusion resulted because the Claimants had actual knowledge of the true bar date. After hearing arguments, the Court allowed the "Motion to Late File Proof of Claim," ruling, inter alia, that the Debtor was estopped from relying on the claims bar deadline of June 10, 2003 in light of his insertion of the language cited above. The instant Motion seeking reconsideration followed and was taken under advisement.

## II. DISCUSSION

### A. Reconsideration

In his Motion, the Debtor argues that under relevant First Circuit case law, the Claimants are "absolutely barred" from filing a late proof of claim. The Debtor complains that his Cover Sheet was a duplicate of Official Local Form 3, and he "should not be penalized for complying with the local rules." And, the Debtor asserts that, even if confusion could have been created by the language of the Plan Cover Sheet, there was no injury to the Claimants' due process rights because they already had actual knowledge of the bar date for filing proofs of claim.

Thus, the Debtor makes the same arguments in his Motion that he made at the hearing which generated the

---

5. The language was derived from Official Local Form 3, Chapter 13 Plan and Cover Sheet. MLBR (5th ed.2003). The Local Form, however, states that creditors have *30 days* after the Section 341 meeting to file an objection to confirmation of the Chapter 13 Plan. *See id.*

6. Because counsel for the Claimants had recently been retained, she could not be sure whether the Claimants, while pro se, had also filed an earlier, timely claim. This Court's own review of the filed claims in this case reveals no earlier claim.

order sought to be reconsidered. The right to seek reconsideration of an order was not intended to be used in that fashion.

Arguments which were fully considered and rejected by the court the first time will not be considered when repeated by counsel the second time. *In re Armstrong Store Fixtures Corp.*, 139 B.R. 347, 350 (Bankr.W.D.Pa.1992). To succeed on a motion to reconsider, the Court requires that the moving party show newly discovered evidence or a manifest error of fact or law. *In re Mortgage Investors Corp.*, 136 B.R. 592, 598 (Bankr.D.Mass.1992).

*In re Wedgestone Financial*, 142 B.R. 7, 8 (Bankr.D.Mass.1992).

No new evidence is presented by the instant Motion, and no error of fact or law is manifest. Yet, assuming that the instant Motion was intended to establish a manifest error of law, the Court goes on both to demonstrate that no such error was committed and also to take advantage of the opportunity to expound on its earlier determination.

B. Sufficiency of Bar Date Notice, Due Process and Estoppel

 A bar date is created in a bankruptcy case for the purpose of providing the debtor and its creditors with finality and swift distribution of the non-exempt proceeds of the estate. *In re Nohle*, 93 B.R. 13, 15 (Bankr.N.D.N.Y.1988); *In re Johnson*, 84 B.R. 492, 494 (Bkrtcy. N.D.Ohio 1988). The standards which govern the filing of a late proof of claim are not uniform throughout the bankruptcy chapters. A court presiding over a Chapter 11 case may permit late filing where caused by "excusable neglect." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership et al.*, 507 U.S. 380, 113 S.Ct. 1489, 123

L.Ed.2d 74 (1993). In a Chapter 13 case, however, the bankruptcy bar date has no such flexibility. Federal Rule of Bankruptcy Procedure 3002(c) mandates that, subject to express exceptions, a proof of claim in a Chapter 13 case must be filed within 90 days after the first date set for the Section 341 meeting of creditors. The Bankruptcy Appellate Panel of the First Circuit held in *In re Aboody* that "excusable neglect" is not a valid basis to allow proofs of claim beyond the Rule 3002(c) time restrictions in Chapter 13 cases. 223 B.R. 36 (1st Cir. BAP 1998). Inherent in the strict time restrictions of Rule 3002(c), however, is the assumption that a creditor has received notice. *In re Roberts*, 98 B.R. 664, 666 (Bankr.D.Vt.1989). While *Aboody* provides shelter for the Chapter 13 debtor, the debtor may not take advantage of such shelter at the expense of creditors' due process rights.

 Proceedings within the ambit of the Bankruptcy Code are no less susceptible to the requirements of due process than in any other realm. Due process rights of creditors arise out of the Fifth Amendment of the United States Constitution. *In re XO Communications, Inc.*, 301 B.R. 782, 792 (Bankr.S.D.N.Y.2003) (citing to *In re Drexel Burnham Lambert Group, Inc.*, 151 B.R. 674, 679 (Bankr.S.D.N.Y. 1993)); *see also* James Steven Rogers, *The Impairment of Secured Creditors' Rights in Reorganization: A Study of the Relationship Between the Fifth Amendment and the Bankruptcy Clause*, 96 Harv. L.Rev. 973 (1983). One such fundamental due process right is a creditor's right to notice of the bar date for filing a proof of claim. *In re Mariner Post–Acute Network*, 303 B.R. 42, 46 (Bankr.D.Del.2003).

 The Supreme Court has repeatedly established that in order to satisfy due process, notice must be "reasonably calculated, under all circumstances, to apprise

interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). *See also, e.g., Dusenbery v. U.S.,* 534 U.S. 161, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002); *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988); *Mennonite Bd. Of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983); *Greene v. Lindsey,* 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982); *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). Only after a showing of reasonable notice may a creditor's claim be barred. *City of New York v. New York, N.H. & H.R. Co.,* 344 U.S. 293, 297, 73 S.Ct. 299, 97 L.Ed. 333 (1953).

■ There is no dispute that the initial notice of the bar date in this case was sufficient. Once reasonably given, however, notice is not ironclad. The "Court's Notice of the First Meeting" may not be examined in isolation; rather the Court must look to the totality of the circumstances to determine if notice once given was later obfuscated. *See People of the State of Illinois ex rel. Hartigan v. Peters,* 871 F.2d 1336, 1340 (7th Cir.1989). In examining the totality of the circumstances, the Court is charged with examining the events that occurred after the issuance of the original notice. The Court may also consider whether the alleged in-adequacy of notice prejudiced the Claimants. *People of the State of Illinois ex rel. Hartigan v. Peters,* 871 F.2d at 1340; *U.S. v. State of Alabama,* 791 F.2d 1450, 1458 (11th Cir.1986); *Gottfried v. Frankel,* 818 F.2d 485, 492–93 (6th Cir.1987); *United Food and Comm. Workers Union v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir. 1984).

■ The Debtor is correct to assert that the "Court's Notice of First Meeting" was, at the time it was sent, actual and effective notice of the bar date to Claimants; and that the burden then shifted to the Claimants to affirmatively act to protect their claims. The Debtor overextends his argument, however, when he suggests that *no* action by a debtor, taken after effective notice, can vitiate the effectiveness of the notice. Were this Court to adopt the viewpoint of the Debtor, all late claims would be barred even against a debtor who abused the bankruptcy process by intentionally misleading creditors as to the bar date. That would be an anomalous result. Moreover, from a creditor's perspective, it does not matter whether the actions of a debtor with respect to notice of the bar date were designed to intentionally mislead. The only relevant question is whether the actions of the Debtor, intentional or not, so affected notice of the bar date that a creditor was denied due process. The *Aboody* case, cited by the Debtor, does not say otherwise.[7]

---

7. This Court acknowledges that some courts have dealt with these due process concerns by recognizing the problem and suggesting alternative remedies that might be available to creditors who received notice insufficient to permit a timely filed claim. See, e.g., *In re Wright,* 300 B.R. 453 (Bankr.N.D.Ill.2003) (collecting cases and remedies); *In re Brogden,* 274 B.R. 287 (Bankr.M.D.Tenn.2001) (same). Yet those alternative remedies, albeit scholarly, appear to this Court strained and, in some respects, exotic. All the alternative remedies posed require the claimant to make threshold showings. When a person potentially adversely affected by law receives insufficient notice to protect his/her rights, the Fifth Amendment of the United States Constitution ought to ensure that the law imposes no greater obligations upon him/her than that imposed on a person who received proper notice.

In *Aboody*, the First Circuit Bankruptcy Appellate Panel ("BAP") ruled that, where a governmental unit (there, the United States) received only 133 of the 180 day statutorily prescribed notice of the claims bar deadline, and filed its claim late, the government could not employ an excusable neglect standard to seek allowance of the claim. 223 B.R. 36 (1st Cir. BAP 1998). The *Aboody* decision was grounded on the interplay of 11 U.S.C. § 502(b)(9) and Federal Rules of Bankruptcy Procedure 3002 and 9006(b)(3). *See id.* However, after concluding that the statutory framework did not permit a late filed claim, the BAP went on to deal with the due process question. *See id.* at 40. It noted that the government had received 133 days of actual notice. The BAP concluded that actual notice, albeit reduced, satisfied the constitutional standard. *Id.* Accordingly, even in the course of rejecting the excusable neglect standard, the *Aboody* panel recognized that the prohibition against allowing late filed claims must accommodate due process concerns.

In the case at hand, the Claimants were aware of the pendency of the bankruptcy case and of the initial bar date established by the Court. However, the clarity of the original notice of bar date was vitiated by the Cover Sheet sent out by the Debtor in connection with the Second Amended Plan. That Cover Sheet told creditors, including the Claimants, that the Court would set a bar date for filing claims, not that one had already been set and was about to run. Furthermore, the Cover Sheet represented that the claims bar date would come with a notice setting a Section 341 meeting date. This, facially, made perfect sense, as the Cover Sheet also misrepresented that the deadline for objecting to this Second Amended Plan would run from the Section 341 meeting. In fact, no Section 341 meeting would be set; no deadline for filing objections to the plan would run from a Section 341 meeting, and no notice would be sent establishing the date of that meeting and the deadline for filing claims.

The Debtor suggests that the Claimants should have ignored the information on the Cover Sheet and employed a better understanding of the law. But the Debtor cannot make that argument without trespass on well-recognized principles of estoppel.

Estoppel is based upon notions of fair dealing and good faith. *In re Carrozzella*, 267 B.R. 656, 661 (Bankr.D.Conn. 2001). Specifically, estoppel is employed to prevent the inequitable assertion of rights which would otherwise exist to the detriment of an opposing party who has been misled. *In re Colarusso*, 295 B.R. 166, 177 (1st Cir. BAP 2003), citing to *Boylston Dev. Group, Inc. v. 22 Boylston St. Corp.*, 412 Mass. 531, 591 N.E.2d 157 (1992); *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2nd Cir.1996); *Nassau Trust Co. v. Montrose Concrete Products*, 56 N.Y.2d 175, 451 N.Y.S.2d 663, 436 N.E.2d 1265 (1982). Estoppel requires that the Court find existence of: 1) a representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made; 2) an act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made; and 3) detriment to such person as a consequence of the act or omission. *In re Colarusso*, 295 B.R. 166, 177 (1st Cir. BAP 2003), citing to *Boylston Dev. Group, Inc. v. 22 Boylston St. Corp.*, 412 Mass. 531, 591 N.E.2d 157 (1992) (quoting *Cellucci v. Sun Oil Co.*, 2 Mass.App.Ct. 722, 320 N.E.2d 919 (1974)); *see also Falcone v. Pierce*, 864 F.2d 226, 228 (1st Cir.1988); *Dunkin' Donuts, Inc. v. Panagakos*, 5

F.Supp.2d 57 (D.Mass.1998). "Conduct" may include spoken words, written words, positive acts, silence, and negative omissions to do something. *Id.* To find estoppel, there need not be an actual intent to defraud or mislead. The estopped party need only have intended or expected that another would act based upon his representations. *In re DeArakie,* 199 B.R. 821, 827 (Bankr.S.D.N.Y.1996).

The facts here lend themselves well to this analysis. The Cover Sheet misrepresented notice of the deadline for filing claims. The very purpose of the Cover Sheet was to transmit information to creditors on which they could rely. The Claimants did rely on that information and, as a result, their claims are being challenged for tardiness. All of the elements of equitable estoppel are satisfied.

### C. The Local Rules

Finally, this Court turns to the Debtor's argument that he has been prejudiced by complying with a local rule of this Court requiring that his plan and cover sheet contain the words that now find him in difficulty. To this, the Court has two responses. The short answer is that even the local rules, for which this Court has great affection, do not override the United States Constitution. And the slightly longer answer is that the rule to which the Debtor alludes does not provide what the Debtor represents. Official Form 3 draws its authority from Local Rule 13–4(a), and Local Rule 13–4(a) provides:

> (a) Form of Plan. A chapter 13 plan shall conform to MLBR Official Local Form 3, *with such alterations as may be appropriate to suit the circumstances.*

MLBR 13–4(a)(emphasis supplied).

Forms are just that. They must be adapted to suit the circumstances. The circumstances here are that the Debtor's use of the stock words on the form provided misleading information to the Claimants. The Debtor was not required by any rule to use them.

### III. CONCLUSION

For all the foregoing reasons, the "Motion of Debtor for Reconsideration of Order dated September 10, 2003" is DENIED.

### ORDER

For the reasons set forth in this Court's Memorandum of Decision of even date, the "Debtor's Motion for Reconsideration" of the Court's order of September 10, 2003 is DENIED.