**In re Bruce TARBELL, Debtor.**

**No. 09–12570.**

United States Bankruptcy Court, W.D. Wisconsin.

April 16, 2010.

Vicki L. Schleisner, Janesville, WI, for Debtors.

MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

Tarbell, a chapter 13 debtor, omitted the IRS from his creditor list filed on April 22, 2009. When he filed his remaining schedules and plan on May 20, he forgot to submit a supplemental list. Accordingly, the IRS never received notice of the filing, and their proof of claim deadline passed on October 19, 2009. Tarbell had chosen chapter 13 in large part to pay this tax claim, which totals about $14,000. When Tarbell realized the IRS had been omitted, his counsel contacted the IRS, which offered to file a late claim if the court allowed it. The trustee opposed the motion to extend time to file a claim.

As a general matter, late-filed claims are completely barred in a chapter 13 case. See, Keith Lundin, Chapter 13 Bankruptcy, § 290–3 (3d ed.). Section 502(a)(9) of the Bankruptcy Code provides that, if there is an objection to a claim, "the court shall allow such claim ... except to the extent that ... proof of such claim is not timely filed." While 11 U.S.C. § 726(a)(2)(C) provides that a late-filed claim in chapter 7 is instead subordinated to timely claims, there is no similar saving provision in chapter 13 cases.

Governmental units, like the IRS, have 180 days after the meeting of creditors to file a proof of claim. Fed. R. Bankr.Proc. 3002(c)(1). This deadline is "set in stone." See, Ginsberg & Martin on Bankruptcy, § 10.06[A] (5th ed.). That is, it cannot be extended by the court under Federal Rule of Bankruptcy Procedure 9006(c), except as Rule 3002 allows. Rule 3002, in turn, provides for an extension only if the governmental unit requested an extension before the 180–day period ran.

The IRS did not do so here. Accordingly, the IRS's claim is untimely, and the court cannot use Rule 9006 to alter the deadline.

 Many courts have, however, extended the time for a creditor to file a proof of claim in a chapter 13 case either under the equitable power of 11 U.S.C. § 105 or given due process considerations. This relief has most commonly been awarded when, as here, the creditor had no notice of the bankruptcy. *See, In re Anderson,* 159 B.R. 830 (Bankr.N.D.Ill. 1993) (late claim allowed where filings failed to disclose true identity of debtor); *In re Yoder,* 758 F.2d 1114 (6th Cir.1985); *In re Intaco Puerto Rico, Inc.,* 494 F.2d 94 (1st Cir.1974); *In re Harbor Tank Storage Co.,* 385 F.2d 111 (3rd Cir.1967). Courts within this circuit have previously followed such an approach. *See, In re Anderson, supra; In re Dodd,* 82 B.R. 924 (N.D.Ill. 1987); *but see, In re Wright,* 300 B.R. 453 (Bankr.N.D.Ill.2003) (concluding that plain language of the Code barred late-filed claims despite due process concerns). Courts allowing late-filed claims have coalesced around the rationale that the time limits in the Code implicitly assume that notice has been given. This rationale is both persuasive and consistent with this Court's prior actions in *In re Sage,* Case No. 03–17563. In *Sage,* the court allowed the IRS to file a late claim where it first received notice of a chapter 13 filing after the claims bar date had passed.

The IRS may file a late claim in this case. It may be so ordered.