### In re Maurice WASHINGTON, Debtor.

#### No. 11–30250–svk.

United States Bankruptcy Court,
E.D. Wisconsin.

Dec. 11, 2012.

John A. Foscato, Green Bay, WI, for Debtor.

## MEMORANDUM DECISION ON TRUSTEE'S OBJECTION TO CLAIM NUMBER 16

SUSAN V. KELLEY, Bankruptcy Judge.

The Chapter 13 trustee objected to the proof of claim filed by the Great Lakes Educational Loan Services, Inc., on behalf of the United States Department of Education (the "Creditor") because the claim was filed late. The claims bar date was December 26, 2011, and the Creditor filed its proof of claim on July 31, 2012. The Creditor admits that the claim was late, but explains that it did not have notice of the bankruptcy case. The Creditor's lack of notice of the Chapter 13 case is undisputed—the Debtor's schedules and list of creditors do not list the Creditor, and the Debtor did not notify the Creditor of his pending Chapter 13 case until after the claims bar date expired. When the Creditor learned of the case, it promptly filed a proof of claim. In response to the Trustee's Objection, the Creditor cites *In re Tarbell,* 431 B.R. 826 (Bankr.W.D.Wis. 2010), in which Judge Martin held that due process and equitable considerations allow the late filing of a claim when it is clear that the creditor had no notice of the Chapter 13 case in time to file a proof of claim. The Trustee urges the Court to follow *In re Wright,* 300 B.R. 453 (Bankr. N.D.Ill.2003), strictly applying the claims deadline.

■ Bankruptcy Code § 502(b)(9), together with Bankruptcy Rule 3002(c) and Rule 9006(b)(3), generally prohibit the filing of late claims in chapter 13 cases, except under specific circumstances not applicable here. The provisions reflect "Congress' intent to create an absolute bar date for filing claims in Chapter 13 cases." *In re Jensen,* 333 B.R. 906, 909 (Bankr. M.D.Fla.2005). "Indeed, the bar date for proofs of claim implemented by Section 502 and Rule 3002(c) is characterized as a strict statute of limitations." *In re Brooks,* 370 B.R. 194, 197 (Bankr.C.D.Ill. 2007). *But see In re Unroe,* 937 F.2d 346, 350 (7th Cir.1991) ("A statute of limitation cannot be adjusted either before or after it expires. Here, Congress's approval of an extendable deadline, *see* Bankr.R. 3002(c), distinguishes the bar date from a statute of limitation, indicating that the court's equitable power includes authorization of late-filed claims.").

The Seventh Circuit Court of Appeals has not directly decided whether a court can permit a creditor who has no notice of a Chapter 13 case to file a late claim, although it has issued a trio of decisions touching on the issue. The first case, *Wilkens v. Simon Bros., Inc.,* 731 F.2d 462 (7th Cir.1984), recognized that the weight of authority treats the Chapter 13 claims bar date as mandatory and immutable, but also that a minority of courts have exercised their equitable powers to enlarge the time for filing a proof of claim, given sufficient cause. Under this view, an equitable extension of time can be granted "(1) if the fraud of a debtor prevents the timely filing by a creditor; (2) the creditor fails to receive notice of the proceedings; or (3)

other extraordinary circumstances arise." *Id.* at 464. In *Wilkens,* the debtor scheduled the claim, the creditor participated in the case, but the attorney relocated his office and filed the claim late. The *Wilkens* court held that a late filing necessitated by the negligence of a creditor's attorney did not fall within one of the equitable exceptions for a late proof of claim.

Next, in *In re Unroe,* 937 F.2d 346 (7th Cir.1991), the Seventh Circuit considered an untimely amendment to a timely proof of claim and allowed the amendment in the exercise of the bankruptcy judge's discretion. The court recognized that the result may have been different if the "late claim [had] been unscheduled or exceeded the amount in the plan, in which cases the prejudice to the debtor and other creditors would have been more severe." *Id.* at 351. Moreover, the *Unroe* court stated: "We leave for another case the question whether a judge in equity could permit an entirely new claim filed out of time." *Id.* at 350.

Finally, in *In re Greenig,* 152 F.3d 631 (7th Cir.1998), the court rebuffed a creditor's attempt to file a late claim when the creditor was listed in the plan as having an allowed claim, and the creditor clearly had notice of the bankruptcy case in time to file a claim. The Court of Appeals noted that absent an exception listed in Rule 3002(c), the bar date for filing a claim in a Chapter 13 case is absolute.[1] The court went on to say: " 'Lack of notice' is not one of the delineated exceptions. It may seem unjust at first glance that a creditor who receives no notice of bankruptcy proceedings would be bound by the 90–day rule, **but this is not an issue in this case and we therefore need not examine it."** *Id.* at 634 n. 5 (emphasis added).

In *Greenig,* the Seventh Circuit pointed to three cases as "instructive" on this issue. *Id.* The first case, *In re Edwards,* 962 F.2d 641 (7th Cir.1992), involved a bankruptcy sale free and clear of liens, with the liens attaching to the proceeds of the sale. A bank held the first mortgage, and a dairy co-op held the second mortgage in the amount of $19,000. There was about $8,000 remaining after payment of the first mortgage, but the notice of the sale was defective, and the co-op did not learn of the sale until a year later. The co-op sought to set aside the sale and asserted that its mortgage on the property was superior to the interest of the bona fide purchaser of the property and the purchaser's bank. This argument failed, with the Court of Appeals noting: "If purchasers at judicially approved sales of property of a bankrupt estate, and their lenders, cannot rely on the deed that they receive at the sale, it will be difficult to liquidate bankrupt estates at positive prices." *Id.* at 643. The court concluded: "The law balances the competing interests but weights the balance heavily in favor of the bona fide purchaser." *Id.* Moreover, the court noted: "[A]pplication of this rule to this case appears to work no great hardship.... [The co-op] suffered only a trivial loss of interest ... as a result of the failure to notify it of the sale." *Id.* at 645. Also, the co-op did not display "such diligence and zeal in the matter as to cause us to question the benefits of having a strict rule in favor of the bona fide purchaser at the bankruptcy sale." *Id.* at 645–46.

The lesson from *Edwards* does not necessarily compel disallowance of the Creditor's claim here. Allowing the claim would not prejudice any bona fide purchaser or

---

1. *Greenig* was a Chapter 12 case, but the applicable Rule is the same in Chapter 12 and Chapter 13.

even any other creditor. The Court can conceive of a case where allowing a late Chapter 13 claim would harm other unsecured creditors, such as if the creditors were forced to refund dividends to the Trustee, in order to share with the tardy claimant. No such prejudice exists in this case, as unsecured creditors have not begun to receive their dividends. Moreover, the Creditor here unquestionably was diligent in protecting its rights—as soon as it learned of the bankruptcy, it filed a claim. And, unlike in *Edwards,* the inability to file a late claim will hurt both the Debtor and the Creditor. Under Bankruptcy Code §§ 1328(a)(2) and 523(a)(3), the discharge does not include the debt owed to a creditor whose claim is not scheduled and who does not have notice of the bankruptcy. Moreover, the claim in this case is a nondischargeable student loan that will continue to accrue interest during the life of the plan. *See In re Johnson,* 446 B.R. 921 (Bankr.E.D.Wis.2011) (low percentage payment on student loan claim resulted in claim that was actually higher after five-year plan). It is in the Debtor's interest to have the Creditor share in the plan payments in order to reduce the Debtor's obligations to the Creditor.

And the Creditor is harmed by the delay in exercising its rights to collect on its claim. The Debtor's Plan is not projected to be completed until November 2016. The Debtor will be five years older, and any number of obstacles may impair his ability to pay the Creditor at that time. According to the Debtor's Schedules, the Debtor is unemployed, and his income consists of pension or retirement income and long term disability. Although the Creditor can seek and obtain relief from the stay, it is not likely that the relief will be granted to the extent it would interfere with the Debtor's ability to make plan payments. And it is questionable whether the Creditor could garnish the Debtor's retirement and disability income in any event, unlike the opportunity for voluntary payments presented by a Chapter 13 plan. If *Edwards* is instructive in the consideration of whether to disallow the Creditor's claim, the Court concludes that application of the *Edwards* rationale to this case does not result in disallowance of the late-filed claim.

The second "instructive" case is *In re Schultz Mfg. & Fabricating Co.,* 956 F.2d 686 (7th Cir.1992). In that case, the Seventh Circuit analyzed whether certain individuals had standing to appeal a sale order. The court said that only a "person aggrieved" has such standing, and that the prerequisites to being a person aggrieved are attendance and objection at a bankruptcy court proceeding. *Id.* at 690. However, these prerequisites are excused if the party did not receive proper notice of the proceedings; "In that case, the requirements of due process outweigh those of judicial efficiency and certainty." *Id.* (quotations and citations omitted). *Schultz* suggests that the Creditor's claim in this case should be allowed, not disallowed, to protect the Creditor's due process rights.

The final case that the *Greenig* court cites is *In re Global Precious Metals, Inc.,* 143 B.R. 204 (Bankr.N.D.Ill.1992), a Chapter 7 case in which only 10 of the debtor's 220 creditors were listed on the Schedules. After the claims bar date expired, the trustee sought to permit the late filing of claims by the unscheduled creditors. Despite contrary rulings by the Sixth Circuit and the District Court for the Northern District of Illinois, the bankruptcy court refused to allow the late-filed claims. Disagreeing with the other courts' holdings that failure to allow the late claim was a denial of due process, the bankruptcy court held that Bankruptcy Code § 726(a)(2)(C), which allows creditors to

participate in the distribution scheme if they did not have notice of the bankruptcy, vitiates due process concerns. *Id.* at 206. Of course, this provision does not apply in Chapter 13 cases and provides no similar solace here.

The *Global Precious Metals* court added that § 501(c)—authorizing the trustee or debtor to file a proof of claim on behalf of a claimant—provided due process. The bankruptcy court signaled that filing claims on behalf of the unscheduled creditors would have been more appropriate than the trustee's attempt to extend the bar date.

The bankruptcy court also mentioned § 523(a)(3), excepting unscheduled claims from the debtor's discharge, but this provision would not apply in the context of a corporate Chapter 7 case like *Global Precious Metals*. *See* 11 U.S.C. § 727(a)(1) (discharge shall be granted unless the debtor is not an individual). Moreover, at the time of the *Global Precious Metals* and *Greenig* decisions, that provision would not have offered any relief to an unscheduled creditor in a Chapter 13 case. Under the version of § 1328(a)(2) in effect prior to BAPCPA, a Chapter 13 discharge could include debts that were nondischargeable under § 523(a)(3). As aptly stated by the district court in *In re Cole,* 146 B.R. 837, 841 (D.Colo.1992), "While the court's analysis in *Global Precious Metals* is helpful in connection with a case proceeding under Chapter 7, it is not persuasive in the Chapter 13 context."

Admittedly, in this post-BAPCPA case, § 523(a)(3) would apply, and the Chapter 13 discharge does not include the claim of an unscheduled creditor with no notice of the bankruptcy case in time to file a proof of claim. But this discharge exception provides considerably less comfort in a five-year Chapter 13 case than in a Chapter 7 liquidation. The discharge in a Chapter 7 case can be issued as quickly as four months after the petition is filed.[2] Here, the Debtor is scheduled to complete his Plan in November 2016, and the Debtor's age and income status will impede the Creditor's ability to pursue the Debtor at that time. The *Greenig* court's citation of *Global Precious Metals* as instructive on the issue of allowing late-filed Chapter 13 proofs of claim is open to discussion, as two of the three examples of how due process is afforded did not apply in Chapter 13 and the third (filing a claim on behalf of unscheduled creditors by the trustee) would rarely, if ever, happen in a Chapter 13 case. While there may be some incentive for the debtor to file a late proof of claim for a nondischargeable debt, there is no reason for the Chapter 13 trustee to do so. And, as the court noted in *In re Cole,* 146 B.R. at 842, § 501(c) is permissive, not mandatory, and "gives scant protection to a creditor who fails to file a proof of claim because it was deprived of notice." In this case, the guidance derived from *Global Precious Metals* comes up short in supplying due process and fairness to the Creditor.

The Creditor implied at the hearing that Judge Martin's *Tarbell* decision is the only authority allowing a Chapter 13 creditor without notice of the bar date to file a proof of claim. But *Tarbell* itself cites several cases awarding the same relief, including *In re Anderson,* 159 B.R. 830 (Bankr.N.D.Ill.1993) (late claim allowed where filings failed to disclose true identity of debtor); *In re Yoder,* 758 F.2d 1114 (6th

---

**2.** The discharge is generally granted within a day or two after the deadline to object to discharge passes. Under Bankruptcy Rule 4004, this deadline is 60 days after the § 341 meeting of creditors, and, in most cases, the meeting is held no fewer than 21 and no more than 40 days after the petition is filed. Fed. R. Bankr.P.2003(a).

Cir.1985); *In re Intaco Puerto Rico, Inc.,* 494 F.2d 94 (1st Cir.1974); *In re Harbor Tank Storage Co.,* 385 F.2d 111 (3d Cir. 1967); and *In re Dodd,* 82 B.R. 924 (N.D.Ill.1987). Numerous other courts have ruled the same way. In *In re Harris,* 447 B.R. 254, 257 (Bankr.W.D.Ark. 2011) (quotation and citations omitted), the court surveyed the legal landscape and concluded: "[T]he majority of those courts [who rely on a strict interpretation] have recognized, on separate theories, the authority of a bankruptcy court to allow late claims when adequate notice of the bankruptcy proceeding is not provided to allow the filing of timely claims." The Bankruptcy Appellate Panel for the First Circuit explained:

> Strict application of the Rule 3002 deadline for filing claims assumes that the creditor has received this prescribed notice; late filed claims may be permitted in cases where notice to the creditor was materially deficient or misleading. *See In re Collier,* 307 B.R. 20, 25 (Bankr. D.Mass.2004) (citations omitted); *see also U.S. v. Cardinal Mine Supply,* 916 F.2d 1087, 1089–92 (6th Cir.1990); 4 K. Lundin, Chapter 13 Bankruptcy, § 290.1 (Supp. 2002).

*Vicenty v. San Miguel Sandoval (In re San Miguel Sandoval),* 327 B.R. 493, 508 (1st Cir. BAP 2005). The District Court for the Northern District of Illinois also concluded that the strict bar date of Rule 3002 implies or assumes that the creditor had notice of the bankruptcy case:

> Nonetheless, implicit in the strict time requirements of the bankruptcy rules is the assumption that a creditor has received notice of the bankruptcy petition. The basic principles of due process— notice and the opportunity to be heard— require no less. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 [70 S.Ct. 652, 94 L.Ed. 865]

(1950); *New York v. New York, New Haven and Hartford Railroad, Co.,* 344 U.S. 293, 297 [73 S.Ct. 299, 97 L.Ed. 333] (1953). Indeed, courts which have faced a situation similar to the instant dispute have found that the debtor must demonstrate that notice has been provided before the Rules' time limits may be enforced. *See e.g. In re Yoder,* 758 F.2d 1114, 1118 (6th Cir.1985); *In re Wm. B. Wilson Mfg. Co.,* 59 B.R. 535, 538–39 (Bankr.W.D.Tex.1986). The court believes these holdings correctly and persuasively state the law.

*In re Dodd,* 82 B.R. 924, 928 (N.D.Ill. 1987); *see also Chapman v. Charles Schwab & Co. (In re Chapman),* 265 B.R. 796, 809–11 (Bankr.N.D.Ill.2001) (authorizing late-filed claim in Chapter 13 case when creditor had no notice of bar date). The Court in *In re Collier,* 307 B.R. 20, 25 (Bankr.D.Mass.2004), explained that the purpose of a bar date is to provide the debtor and creditors with finality and swift distributions. Recognizing the difference between a Chapter 11 bar date (which may be extended on grounds of excusable neglect) and the inflexible Chapter 13 bar date, the *Collier* court noted:

> Federal Rule of Bankruptcy Procedure 3002(c) mandates that, subject to express exceptions, a proof of claim in a Chapter 13 case must be filed within 90 days after the first date set for the Section 341 meeting of creditors. The Bankruptcy Appellate Panel of the First Circuit held in *In re Aboody* that "excusable neglect" is not a valid basis to allow proofs of claim beyond the Rule 3002(c) time restrictions in Chapter 13 cases. 223 B.R. 36 (1st Cir. BAP 1998). Inherent in the strict time restrictions of Rule 3002(c), however, is the assumption that a creditor has received notice. *In re Roberts,* 98 B.R. 664, 666 (Bankr.D.Vt. 1989). While *Aboody* provides shelter for the Chapter 13 debtor, the debtor

may not take advantage of such shelter at the expense of creditors' due process rights.

*Id.*

 The Creditor here did not have notice of the Chapter 13 filing until after the claims bar date expired. The line of cases stating that enforcement of the strict deadline assumes that the creditor had notice are much more akin to this case than are the line of cases cited by *In re Wright.* Due process and fairness to the Creditor require notice and dictate that this Court adopt the reasoning of these cases.

The discharge exception in § 523(a)(3), although applicable here, does not mean that the Creditor will not suffer harm if the claim is not allowed. The nature of the Debtor's income as retirement and disability payments strongly suggests that the Creditor will be unduly prejudiced by waiting five years for entry of the Chapter 13 discharge to collect on its claim. In this case, it is apparent that (1) the Creditor did not receive notice of the Chapter 13 case until after the claims bar date expired; (2) upon learning of the case, the Creditor promptly filed a proof of claim; and (3) the prejudice to the Creditor of disallowing the claim outweighs the prejudice to the other creditors of allowing the claim. Under these circumstances, the Court should allow the Creditor's untimely filed proof of claim. The Court overrules the Chapter 13 trustee's objection to the Creditor's proof of claim. An Order to this effect will be entered contemporaneously with this Decision.