**In re Tam Denise ADAMS, Debtor.**

**Adam Goodman, Standing Chapter 13 Trustee, Movant,**

v.

**Internal Revenue Service, Respondent.**

No. 12–58243–JRS.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Dec. 11, 2013.

Adam M. Goodman, Chapter 13 Trustee, Atlanta, GA, Trustee.

Darren R. Hojnacki, Howard P. Slomka, Slomka Law Firm, Atlanta, GA, for Debtor.

## ORDER

JAMES R. SACCA, Bankruptcy Judge.

Today the Court addresses a question that has divided bankruptcy courts: Is a creditor's late-filed proof of claim in a Chapter 13 case necessarily barred even if the creditor did not receive notice of the case in time to file a timely claim? Some courts hold that late-filed claims are barred regardless of the creditor's lack of notice. Other courts hold that late-filed claims should be allowed if the creditor did not receive notice. This Court finds the

latter position persuasive and concludes that late-filed claims in a Chapter 13 case should be allowed if a creditor did not receive sufficient notice to timely file a claim.

### Facts

The facts of this case are straightforward. On March 30, 2012, the Debtor Tam Denise Adams filed a petition for relief under Chapter 13 of the Bankruptcy Code. [Doc. 1]. She did not list the Internal Revenue Service (the "IRS") as a creditor on her mailing matrix or schedules. Consequently, the IRS did not receive notice of the filing of the case or the bar date for filing proofs of claim, which in this case was September 29, 2012 for governmental entities (the "Bar Date"). The Court confirmed Debtor's Chapter 13 plan on June 21, 2013. After the Bar Date, the IRS filed a proof of claim, wherein it asserted a priority unsecured claim for 2011 income taxes in the amount of $751.79 and a general unsecured claim for penalties of $18.60. [Claims Register # 13–1]. The filing deadline for the tax return on which the claim is based was after the petition date so it is conceivable, if not likely, that the Debtor was unaware of the obligation to the IRS on the petition date. The Chapter 13 Trustee ("Trustee") has objected to the IRS's claim as untimely and moved to disallow the claim in its entirety. [Doc. 29]. There is no dispute that the IRS received no notice of the bankruptcy case in time to file a timely proof of claim. The Court now considers whether the Trustee's objection to the IRS's claim should be granted.

### Proofs of Claim Generally

■ When a debtor files a bankruptcy petition, creditors may file a "proof of claim." 11 U.S.C. § 501(a).[1] Once a proof of claim is filed it will be deemed allowed, unless a party in interest objects to such claim. 11 U.S.C. § 502(a).[2] When an objection is made, the court, "after notice and a hearing," will determine the amount of the claim and shall allow it, "except to the extent that ... such proof of claim is not timely filed." 11 U.S.C. § 502(b)(9). Bankruptcy Rule 3002(c) provides that to be timely filed, a proof of claim must be filed within 90 days after the first date set for the meeting of creditors, but that a proof of claim by a governmental unit—such as the IRS—may be filed within 180 days after the "date of the order for relief," which in a Chapter 13 case is the petition filing date. Fed. R. Bankr.Proc. 3002(c)(1); 11 U.S.C. § 301(b). The last sentence of Rule 3002(c)(1) provides that a court may, for cause, extend the time within which a governmental entity may file a proof of claim only upon motion filed prior to the deadline. Fed. R. Bankr.Proc. 3002(c)(1). Rule 9006(b)(3) states that a court may enlarge the time for filing under 3002(c) only to the extent stated in that rule. Fed. R. Bankr.Proc. 9006(b)(3). That Rule, however, provides no exception for late-filed claims where no notice was given to a creditor.

■ With the filing of a petition, a debtor is required to file with the clerk a list of creditors. 11 U.S.C. § 521(a)(2)(A), and that proper notice of such filing be given to those on that list. See 11 U.S.C. § 342(a). Under Section 523(a)(3), a debtor is not entitled to a discharge of a debt to a creditor if that debtor failed to list the creditor in time to permit that creditor to file a timely proof of claim. 11 U.S.C. § 523(a)(3)(A). In this case, the Debtor

---

1. A claim generally means a right to payment owed by a debtor to a creditor. 11 U.S.C. § 101(5).

2. The Trustee is a party in interest who may object to a proof of claim. 11 U.S.C. § 323(b).

did not list the IRS as a creditor so the IRS did not receive notice in time to file a timely claim or move for an extension. As a result, the Debtor will not be able to discharge the IRS debt in this case unless the IRS's late-filed proof of claim is allowed.

The Trustee has objected to the IRS's proof of claim on grounds that a plain reading of the Code and Rules requires that a late-filed proof of claim be disallowed. The Trustee seeks to disallow the IRS's claim, which would prevent the IRS from receiving distributions under the Debtor's Chapter 13 plan. The issue before the Court is whether Section 502(b)(9)'s requirement of timely filing, read together with the Bankruptcy Rules, compels the Court to disallow the IRS's claim even though it did not receive notice of the commencement of this case and the bar date for filing claims.

### Late–Filed Proof of Claim without Notice

There is a split in authority regarding the treatment of a late-filed proof of claim in a Chapter 13 case where the filing creditor did not receive notice of the bankruptcy case. The Eleventh Circuit Court of Appeals has not addressed this issue. Other courts across the country are generally of two conflicting opinions. One line of cases interprets strictly the Code and Rules in such a way that prohibits late-filed claims even when the claimant did not receive notice of the bankruptcy case. The other line of cases focuses on several concerns, including due process and fundamental fairness, and allows late-filed claims of creditors who do not receive notice.

### Strict Interpretation View

The courts that adopt what has been referred to as the strict interpretation approach to this issue commonly follow the Ninth Circuit's opinion in *Gardenhire v.*

*IRS (In re Gardenhire)*, 209 F.3d 1145 (9th Cir.2000). The court in *Gardenhire* viewed the Bankruptcy Code and Rules as conclusively dictating that an untimely proof of claim which draws an objection shall not be allowed. *Gardenhire*, 209 F.3d at 1150. In *Gardenhire*, the IRS did receive notice of the case in time to file a proof of claim, yet failed to do so. *Gardenhire*, 209 F.3d at 1147. The Ninth Circuit did not address lack of notice to a creditor. Rather, it held that the Code and Rules prohibit late-filings, and that the Bankruptcy Court does not have the discretion to enlarge the time for filing other than for those enumerated exceptions in Rule 3002(c), none of which apply here. *Id.* at 1148.

The courts that do not allow late-filed proofs of claim frequently note that Section 502(b)(9) and Rule 3002(c) are silent as to a notice requirement, and thus view notice to a creditor as immaterial to the decision to allow or disallow a claim. *See, e.g., In re Jensen*, 333 B.R. 906, 909–10 (Bankr.M.D.Fla.2005) (reading Section 502(b)(9)'s requirement of timely filing, as incorporated by the time limits in Bankruptcy Rule 3002(c), as a strict bar against late-filed proofs of claim regardless to the reason why such claim is untimely); *In re Brogden*, 274 B.R. 287, 289 (Bankr. M.D.Tenn.2001) (holding that the Code and the Rules "make no exception to the 180–day timeliness deadline when faulty notice or other circumstances prevent a governmental entity from filing a timely claim."). The courts in *Jensen* and *Brogden* treat the deadlines in Rule 3002(c) as absolute and view this position as buttressed by what they see to be the limiting language in Rule 9006(b)(3).

### Due Process and Fundamental Fairness View

The courts which allow late-filed claims where a creditor lacked notice find support

under three bases: (1) that the bar date for proofs of claim is not absolute and is subject to judicial extension, (2) the assumption under the Bankruptcy Code that a creditor has received reasonable notice, (3) and that creditors are entitled to notice based on due process or, in the case of a governmental entity, fundamental fairness. *In re Hairopoulos*, 118 F.3d 1240, 1246 (8th Cir.1997); *Vicenty v. San Miguel Sandoval (In re San Miguel Sandoval)*, 327 B.R. 493, 508 (1st Cir. BAP 2005); *In re Washington*, 483 B.R. 871, 872 (Bankr. E.D.Wis.2012); *In re Simpkins*, 448 B.R. 84, 89 (Bankr.N.D.Ga.2011); *In re Avery*, 134 B.R. 447, 449 (Bankr.N.D.Ga.1991). The concern among these courts is typically on the rights of the creditor to receive notice and the ability of the debtor to receive a fresh start following the bankruptcy case.

First, these courts reject the rationale used in *Jensen* and *Brogden* that reading Section 502(b)(9) together with Rules 3002(c) and 9006(b)(3) imposes an absolute statute of limitations on filing of a proof of claim. *In re Washington*, 483 B.R. at 872. To support its position, the court in *Washington* cited a Seventh Circuit Court of Appeals opinion that distinguished a "statute of limitation" from a claims bar date. *Id.* (citing *In re Unroe*, 937 F.2d 346, 350 (7th Cir.1991)). The Seventh Circuit explained in *Unroe* that a statute of limitation cannot be adjusted and Congress's approval of an extendable deadline distinguishes the bar date from a statute of limitation, which indicates that a "court's equitable power includes authorization of late-filed claims." *In re Washington*, 483 B.R. at 872 (quoting *In re Unroe*, 937 F.2d at 350).

Next, these courts conclude that the Code assumes the creditor actually received notice of the case. The Bankruptcy Appellate Panel for the First Circuit took the position that because a "[s]trict application of the Rule 3002 deadline for filing claims assumes that the creditor has received [the] prescribed notice; late filed claims may be permitted in cases where notice to the creditor was materially deficient or misleading." *Vicenty v. San Miguel Sandoval (In re San Miguel Sandoval)*, 327 B.R. 493, 508 (1st Cir. BAP 2005). "Reasonable notice" is defined by the United States Supreme Court as "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

Finally, courts which allow late-filed claims support their position by citing the creditor's right to due process and fundamental fairness where notice was materially deficient. The Eighth Circuit Court of Appeals addressed a similar issue in *In re Hairopoulos*, 118 F.3d 1240 (8th Cir.1997). In that case, the court held that while the IRS received notice of a Chapter 7 case, it did not receive notice of conversion to a Chapter 13 case; and such lack of notice did not satisfy due process and fundamental fairness. *Id.* at 1246. The Eighth Circuit explained that the "statutory command for notice embodies a basic principle of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights." *Id.* at 1244 (quoting *City of New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 97 L.Ed. 333 (1953)). *See also Aboody v. United States (In re Aboody)*, 223 B.R. 36, 40 (1st Cir. BAP 1998) ("Governmental entities are entitled to whatever statutory due process a given legislative scheme provides."); *United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1089 (6th Cir.1990) ("Due process and equitable concerns require that

when a creditor does not have notice or actual knowledge of a bankruptcy, the creditor must be permitted to file tardily when the creditor does so promptly after learning of the bankruptcy."); *In re Avery,* 134 B.R. 447, 449 (Bankr.N.D.Ga.1991) ("The requirement of due process provides adequate grounds for the court's exercise of its equitable discretion to permit ... [late] filing.").

### Analysis

■ This Court agrees with those courts which allow late-filed claims, and thus will allow the IRS's late-filed claim in this case. When a creditor has not received notice of the case, questions necessarily arise about the rights of the creditor and the debtor's ability to achieve a fresh start. It is clear that the Debtor's tax debt is non-dischargeable under Section 523(a)(3) if it is not administered through the Debtor's plan. 11 U.S.C. § 523(a)(3). While the IRS could move the Court for relief from stay to recover on a non-dischargeable debt, it is very probable that such a request will not be granted because of the negative effect such relief could have on the Debtor's ability to fund her plan and, consequently, reorganize her debts through bankruptcy and obtain a fresh start. The Debtor's fresh start could also be compromised if the IRS waits to prosecute its claim—no doubt with interest and penalties—after the completion of the Debtor's plan. Consequently, it is in the best interest of this Debtor to allow this claim to participate in the distributions under her plan.

Depriving the IRS from any sort of distribution under the Debtor's Chapter 13 plan affects the IRS's ability to collect taxes without proper notice. In such a situation, it is not fundamentally fair to the IRS to delay its collection rights for up to five years, including limiting its set off rights, which this Court believes to be a substantial limitation on its rights when it has been deprived of notice. Fundamental fairness and due process provide sufficient grounds under 11 U.S.C. § 105(a) for this Court to exercise its equitable discretion to allow a late-filing when no notice is given to a creditor. *See In re Simpkins,* 448 B.R. 84, 89 (Bankr.N.D.Ga.2011) ("[G]eneral principles limiting a creditor's rights in bankruptcy give way when the creditor has not received sufficient notice of the bankruptcy case."). Although a government entity—like the IRS—is not entitled to due process rights, it is entitled to fundamental fairness which is akin to due process.

Furthermore, the Court finds persuasive the rationale that a claims bar date is not absolute where there has been no notice. The Code and Rules should not be interpreted on the one hand to require that notice be given to the creditors, but on the other hand to prevent an unscheduled creditor from participating under a plan on account of a bar date of which it was not informed. Thus, the Court holds that the requirement of notice of a bar date takes precedence over a strict reading of the rules to prevent an injustice to the creditor and, perhaps, the Debtor.

### Conclusion

In a situation such as this one, where there is lack of notice to a creditor, the Court will allow the late-filed claim. For the reasons stated above, it is hereby

ORDERED that the Trustee's objection is DENIED and the claim of the IRS is ALLOWED.

**IT IS ORDERED.**